52 CCPA

**AMERICAN GREASE STICK COMPANY, Appellant,**

v.

**CHEMPLAST, INC., Appellee.**
**Patent Appeal No. 7329.**

United States Court of Customs and Patent Appeals.
March 11, 1965.

date of first use, appellant had been "engaged in the manufacture, distribution and sale of lubricants of various types"; that by extensive advertising and sales thereunder its above-named marks had become well and favorably known in trade and thus had become well known as valuable symbols of appellant's business and goodwill and that the registration of "FLUORO GLIDE" as a trademark for a lubricant would damage it by reason of the fact that purchasers and others would be confused as to the source or origin of the goods involved.

Appellee's answer, filed December 5, 1962, put in issue material allegations of the notice of opposition and in further answer alleged that the phonetic counterpart of the word "GLIDE" in appellee's mark was to be found in more than 200 United States trademark registrations, many of which covered goods identical or substantially similar to appellant's goods; that the word could be found in any standard dictionary; that it was being currently used by others to advertise the same or similar products as those of appellee; that common use of "glyde" or "glide," either alone or in combination with other words, is concurrent with appellant's use on similar or identical goods; that no confusion had resulted; that the phrase or word could not be exclusively appropriated by appellant and that "such concurrent use has so conditioned the purchasing public that they do not associate or identify the phrase * * *" as indicating the source of the goods as those of appellant.

Appellee in answer further alleged the existence of special circumstances, attending sale and distribution of the goods of the parties, relating to method of soliciting business; purpose and nature of the goods; channels of delivery; methods of distribution and the specific purchases of each, and that such circumstances would militate against confusion in trade.

Robert G. McMorrow (James Atkins, Russell L. Law, Washington, D. C., of counsel), for appellant.

Daniel H. Bobis, Harrison, N. J. (Norman N. Popper, Newark, N. J., of counsel), for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

ALMOND, Judge.

Appellee, Chemplast, Inc., filed application[1] for registration of its trademark "FLUORO GLIDE" for use on a dry film lubricant and anti-stick agent.

Appellant, American Grease Stick Company, filed notice of opposition[2] alleging registration and prior use of trademarks "RUGLYDE"[3] for penetrating rubber lubricant and "SIL-GLYDE"[4] for lubricating grease. The notice of opposition further alleged that for many years prior to July 13, 1960, appellee's alleged

1. Serial No. 113,492 filed February 13, 1961.
2. Opposition No. 42,253 filed October 16, 1962.
3. Reg. No. 366,882 registered May 2, 1939.
4. Reg. No. 681,697 registered July 14, 1959.

944

On May 27, 1963, taking cognizance of the fact that the time had expired for opposer to take testimony-in-chief or file further documentary proof in support of its opposition, appellee moved for judgment against opposer dismissing the opposition, submitting the matter on the sole issue of likelihood of confusion "where registered marks are alleged by the Opposer."

The board granted the motion for dismissal under Rule 2.132(b) on the ground that appellant, "having submitted no evidence other than its aforesaid registration, has failed to sustain its burden of proof herein." The board stated:

"Since opposer has filed no evidence herein other than copies of its registrations, the question of likelihood of confusion in trade turns *solely* upon a consideration of the marks and goods, *as shown in* the respective application and registrations." (Emphasis added.)

From the decision of the board, thus limited, holding that there is no likelihood of purchaser confusion, appellant prosecutes this appeal. The board found and held that:

"The goods of both parties involved lubricants which, if sold under the same or similar marks, might be attributed to a single manufacturer. However, applicant's mark 'FLUORO GLYDE' [GLIDE] and opposer's marks 'RU GLYDE' and 'SIL-GLYDE' resemble one another only in that they share suffixes which are phonetically the same. This portion, however, is highly suggestive of a product which serves primarily to cause parts of structure to move smoothly and effortlessly.

"In view thereof and considering that the respective marks in their entireties are otherwise different in sound, appearance and in connotation, it is concluded that there is no likelihood of purchaser confusion as to the source of the goods upon which they are applied."

▉▉▉▉ Appellant advances the theory of "arguable doubt" as to the existence of likelihood of confusion. Where such doubt is found, the issue should be resolved against the newcomer. On the basis of the record before us, we find no basis to justify the application of this rule.

Appellant admits that the word "glide" is suggestive in a trademark sense when used in association with a lubricant. The board so found, and we agree.

In our opinion the dissimilarities of the competing marks heavily outweigh the similarities, especially in sound and appearance.

▉▉▉ Appellee takes the position that the record herein discloses an "aggravated" case of appeal and that therefore this court should exercise its discretion and award "costs, disbursements and reasonable attorney's fees" to the appellee. In short, appellee's position is that the appeal is devoid of merit and is, therefore, frivolous.

We do not agree that, on the record before us, the appellant was not justified in prosecuting its appeal. The record presents a clear-cut issue of likelihood of confusion based upon the registered marks. Appellee's position is not, therefore, well taken and the request for costs and attorney's fees is denied.

On the basis of the record here presented, we find no reversible error in the decision of the Trademark Trial and Appeal Board in granting appellee's motion and dismissing the opposition. The decision of the board is affirmed.

Affirmed.