53 CCPA

**WALDES KOHINOOR, INC., Appellant,**

v.

**ASSOCIATED SPRING CORPORATION, Appellee.**

**Patent Appeal No. 7602.**

United States Court of Customs and Patent Appeals.

March 24, 1966.

Rehearing Denied May 5, 1966.

Smith, J., dissented.

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief Judge WORLEY, pursuant to provisions of Section 294(d), Title 28, United States Code.

Arthur H. Seidel, Philadelphia, Pa., for appellant.

David S. Scrivener, Washington, D. C., for appellee.

Before RICH, Acting Chief Judge, and MARTIN, SMITH, and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

ALMOND, Judge.

Waldes Kohinoor, Inc., appeals from the decision of the Trademark Trial and Appeal Board dismissing its opposition [1] to the application of Associated Spring Corporation to register "TRU-TRAC" for springs [2] asserting use since May 22, 1961. Appellant (opposer) is the registrant of the mark "TRUARC" for retaining rings for locking, securing, or positioning moving parts, such as shafts, gears and bearings [3] and for tools, namely grooving tools, and pliers, applicators, and dispensers for retaining rings.[4] Only appellant took testimony. There is no issue relating to priority of use.

Under the provisions of Trademark Rule 2.123(c), appellee (applicant) sub-

1. Opposition No. 42,799 filed April 26, 1963.

2. Serial No. 146,779 filed June 13, 1962.

3. Reg. No. 402,923 issued August 24, 1943.

4. Reg. No. 595,877 issued September 28, 1954.

mitted copies of a number of third-party registrations for marks which either comprise the terms TRU-ARC and TRU-TRAC, or include TRU as a prefix, or ARC or TRAC as suffix portions. In substance, these registrations cover goods such as various hand tools, items of hardware and machinery.

The record supports the finding of the board that since long prior to appellee's asserted date of first use, appellant has used the mark TRUARC on the goods recited in its registrations; that it had extensively advertised its TRUARC retaining rings in nationally known and circulated trade publications as well as in catalogs and at trade shows; that sales of TRUARC rings and tools therefor have averaged three million dollars per year during the past five years, and that said rings are, in effect, springs, since they have a spring action as an essential characteristic. The record also shows that customers, in placing orders for retaining rings, sometimes mistakenly write appellant's trademark as TRU-ARC or as TRU ARC.

Appellee contended before the board, as it does here, that there is a difference in the goods of the parties because its springs are sold in a tightly wound coil form and the goods would move through different channels of trade and be used for different purposes. The board noted, however, that the goods recited in the application are springs per se, and that appellee admitted in its answer to the notice of opposition that a retaining ring is a specific form of spring and further admitted that both parties manufactured retaining rings and are therefore competitors in that field of manufacture. The board concluded, and we agree, that in view of the above:

> * * * and in the absence of any evidence to support applicant's claim as to the limited nature of its goods, it must be held that the goods of the parties would move through the same trade channels to the same purchaser for the same or related uses.

The only issue here is likelihood of confusion within the meaning of section 2(d) of the Trademark Act of 1946 (15 U.S.C. § 1052).

A majority of the board, one member dissenting, concluded that confusion or mistake would not be likely to occur. The majority reasoned that the competing marks were readily distinguishable whether considered as one word, two words or in hyphenated form and that the term TRUARC is highly suggestive of a desired characteristic of appellant's goods and could not, therefore, be accorded the broad scope of protection applicable to entirely arbitrary terms. It considered both marks highly suggestive as applied to springs but did not believe such marks convey the same or similar meanings as applied thereto.

We are, however, inclined to agree with the views stated and the conclusion reached by the dissenting member of the board that while appellant's mark may be in some manner suggestive as applied to its goods, there is nothing in the record to show that it is in any way lacking in trademark significance. He pointed out that none of the third-party registrations relied on by appellee to establish the weakness of appellant's TRUARC mark, were for retaining rings or springs and hence irrelevant for this purpose. He noted, as do we, the extensive sales and advertising disseminations with unsolicited references in trade publications as indicative of the fact that the mark TRUARC has achieved a considerable measure of commercial recognition as identifying appellant's retaining rings or springs. He pointed, we think significantly, to the fact that more than twenty years had elapsed after appellant's adoption and use of TRUARC before appellee, a competitor, adopted the mark TRU-TRAC for similar goods, and that there is no evidence of adoption or use of marks similar thereto by others in the trade here involved.

Comparing the marks TRU-TRAC and TRUARC in their entireties, we are in agreement with the dissenting member of the board that:

> * * * they are substantially similar in appearance, each comprising two

syllables, of which the initial syllable is identical, and considering that the suffixes have three identical letters and both end in a hard "c" sound, they also are somewhat alike in sound. In view of these similarities, and considering that purchasers of springs or retaining rings do not ordinarily have the opportunity for a side-to-side comparison of the marks under which such goods are sold, it is not unreasonable to assume that persons familiar over the years with "TRUARC" retaining rings or springs, who on occasion, as the record discloses, have written opposer's mark as "TRU-ARC" or TRU ARC," might well upon encountering other springs under the mark "TRU-TRAC" mistakenly assume that they originate with the same producer * * *.

■■ Here we are confronted with a situation where the goods of the parties are substantially similar and sold to the same class of purchasers through the same channels of trade, with use on the part of the appellant over a long period of time involving the expenditure of a large sum of money in establishing its mark. In our view, the mark TRU-TRAC is sufficiently similar to the mark TRUARC in sound, appearance and overall impression so that the simultaneous usage in trade of the respective marks is likely to cause confusion within the meaning of section 2(d) of the Trademark Act of 1946. Any doubt as to likelihood of confusion should be resolved in favor of the first user and against the newcomer. American Grease Stick Co. v. Chemplast, 341 F.2d 942, 944, 52 CCPA 1103.

The decision of the Trademark Trial and Appeal Board is reversed.

Reversed.

SMITH, Judge (dissenting).

The cumulative effect of the specific differences in the marks and in the goods on which they are used when considered in the light of the reasonably expected sophistication of the purchasers leads me to the conclusion that there is no likelihood of confusion in the present case.

The marks themselves possess only a common similarity in prefix such as is found in other marks used with various kinds of goods. Viewed as wholes, the marks in issue have distinctive differences as well as similarities in meaning. In my opinion the differences in the technical meanings attributable to the suffix portions of the marks when considered with the specific goods to which they are applied would be more likely to accentuate these differences than it would their similarities. The technically oriented purchasers of such goods would not be likely to confuse the marks or the goods.

I would therefore affirm the decision of the majority of the Trademark Trial and Appeal Board to dismiss the opposition.