56 CCPA

**IZOD, LTD., Appellant,**

v.

**ZIP HOSIERY COMPANY, Inc., Appellee.**

Patent Appeal No. 8070.

United States Court of Customs and Patent Appeals.

Jan. 9, 1969.

---

Seidel & Gonda, Edward C. Gonda, Ronald L. Panitch, Philadelphia, Pa., for appellant.

Wood, Herron & Evans, Bruce Tittel, Cincinnati, Ohio, for appellee.

Before WORLEY, Chief Judge, and RICH and ALMOND, Judges.

ALMOND, Judge.

Izod, Ltd. appeals from the decision of the Trademark Trial and Appeal Board[1] dismissing its opposition to the trademark application[2] of Zip Hosiery Company, Inc., appellee, for registration of the mark "TIGER HEAD" for men's work socks. Appellant relies upon its prima facie rights established by ownership of its registration[3] on the Principal Register of a configuration asserted to be a tiger head, reproduced here, for men's outer shirts and ladies' outer shirts.

Neither party took testimony.

Appellee, applicant below, on January 13, 1966 filed a motion to dismiss, asserting that:

\* \* \* if the registration [692,842] were considered to display a tiger it cannot necessarily be considered to be a display which would be termed a tiger's *head*.

Appellee took the position that opposer's mark could also be described as "wild tiger," "snarling tiger," "angry tiger" and many others.

On January 27, 1966 the board denied appellee's motion to dismiss, stating that:

\* \* \* considering the character of the respective marks and goods, which *consists of a replica of a head of a tiger*, as applied to men's outer shirts and ladies' outer shirts, and the designation "TIGER HEAD", as applied to men's work socks, it is believed that the issue of likelihood of confusion is *sufficiently debatable* to warrant that the case continue to final hearing for a consideration of the merits in connection with the arguments of the parties and any evidence which applicant may elect to introduce. [Emphasis supplied.]

Subsequently briefs were filed on behalf of each party, the appellee not electing, however, to introduce any evidence as suggested, at least by implication, by the board. We think this implication finds support in the tentative finding of the board that appellant's mark "consists of a replica of a head of a tiger" as applied to appellant's goods. On the basis of the issue thus stemming from the record, as it stood on appellee's motion to dismiss, the board proceeded to final disposition, holding that in view of the differences between the involved marks there is not a likelihood of confusion, stating:

The real question is what is the opposer's mark? It is apparent that it

---

1. Board opinion abstracted, 151 USPQ 744.

2. Serial No. 191,098, filed April 14, 1964.

3. Reg. No. 692,842 issued February 9, 1960.

is the head of a feline animal. Is it the head of a tiger? Carefully considering and evaluating the opposer's mark, it cannot be said with any surety that opposer's mark represents a tiger head—it may well represent to the purchasing public a wildcat, an ocelot or some other variety of a feline animal. That is to say, opposer's mark does not immediately and unequivocally suggest a tiger head. On the basis of the record, we are not persuaded that applicant's mark is the literal equivalent of opposer's mark.

■ We take cognizance of, but are not persuaded of, merit in appellant's argument that the statement of the board, in denying appellee's motion to dismiss, that appellant's mark "consists of a replica of a head of a tiger" was a conclusive determination of the issue preclusive of the board's right to conclude otherwise when the opposition was finally decided on its merits. The motion to dismiss was in the nature of a motion for summary judgment or in the nature of a demurrer. The board's decision thereon was on its face purely interlocutory and in nowise determinative of the issue of likelihood of confusion. The merits of the issue were not reached but expressly reserved for consideration pursuant to final hearing. The appeal here lies, as it must, from the board's final determination dismissing the opposition on the basis of its finding that there is not a likelihood of confusion between the competing marks.

In passing, however, we think it pertinent to observe that the language employed by the board in reserving its judgment evinces beyond question grave doubts on the issue of likelihood of confusion which it ultimately resolved without the aid of additional evidence.

Priority of use is not in issue as that facet of the matter before us clearly resides with appellant. The only issue is likelihood of confusion within the purview of section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

The goods sold under the respective marks are articles of clothing of the outerwear type. They are of such a nature that they might well be displayed and sold together, one as a complement of the other, by the same merchants to the same class of purchasers. Members of the purchasing public viewing appellant's pictorial representation of a feline animal as applied to men's and women's outer shirts and appellee's literal designation TIGER HEAD for men's work socks might well and reasonably conclude that the respective goods of the parties emanated from the same source. We think it more consonant with reason to conclude that the quandary posed by the board by its query "What is opposer's mark?" "Is it the head of a tiger?" would find ready and rational resolution in the mind of the purchasing public. The fact that "it may well represent to the purchasing public a wildcat, an ocelot or some other variety of a feline animal" does not obviate the fact that appellant's mark discloses one of a variety of feline animals aptly described by appellee's mark TIGER HEAD.

■ We are unable to subscribe to the rigid test applied by the board in this case which seems to be a test of surety that appellant's mark represents a tiger head in that it "does not immediately and unequivocally suggest a tiger head." The thrust of likelihood of confusion relates to the impact of the competing marks upon those who frequent the market place in the role of prospective purchaser. In Mishawaka Rubber and Woolen Mfg. Co. v. Bata Narodni Podnik, 222 F.2d 279, 42 CCPA 872, the court said:

When it comes to trade-marks, the views of the experts in the Patent Office or elsewhere do not necessarily establish, however, that the purchasing public would recognize, analyze, and be guided by the same understanding and consideration of the marks. [Citations omitted.]

■ As we construe the language of the board as employed in its decision on the motion to dismiss and in its final determination of the issue, there appears to be a marked degree of doubt as to

likelihood of confusion, which in our view should have been resolved in favor of the prior user. Where the question of likelihood of confusion resides in the area of doubt, it should be resolved against appellee, the newcomer. American Grease Stick Co. v. Chemplast, Inc., 341 F.2d 942, 52 CCPA 1103.

We have examined and considered the cases cited and relied on by the parties. As we have often had occasion to observe, decided cases afford meager assistance in resolving issues of likelihood of confusion in trademark cases. Each case must be decided on the relevant facts and circumstances appertaining thereto.

█ We are of the opinion that the marks of the parties, as revealed by this record, are confusingly similar within the meaning of section 2(d) of the Lanham Act. The decision dismissing the opposition is accordingly reversed.

Reversed.

BALDWIN, J., took no part in the consideration or decision of this case.