Argued March 7, affirmed July 6, 1962

# GREENWOOD *v.* GLADDEN

373 P. 2d 417

*Duane R. Ertsgaard,* Salem, argued the cause and submitted a brief for appellant.

*Harold W. Adams,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

O'CONNELL, J.

Plaintiff filed a petition for a writ of habeas corpus in the circuit court for Marion county seeking release from the penitentiary. Defendant's return to the writ shows that on June 24, 1957 petitioner was sentenced to serve a term in the penitentiary not to exceed four years; that on October 9, 1958 he was released on parole; that on March 27, 1961 his parole was revoked by order of the State Board of Parole and Probation, whereupon petitioner was returned to the penitentiary to serve out the balance of sentence without credit for the time during which he was on parole. Petitioner demurred to the return, on the ground that the return showed on its face that petitioner had served the four-year sentence imposed upon him. The demurrer was overruled and a judgment dismissing the petition was entered. Petitioner appeals from that judgment.

The sole issue on appeal is whether a parolee who has violated his parole and is recommitted to the penitentiary is entitled to have credited against the term of his sentence the time spent on parole.

ORS 144.390 provides as follows:

"A prisoner recommitted for violation of parole, conditional pardon or probation shall serve out his

sentence, and the time during which he was out on parole is not a part thereof."

The statute clearly covers the case before us. Petitioner contends, however, that the statute is in direct conflict with the holding in *Anderson v. Alexander*, 191 Or 409, 229 P2d 633, 230 P2d 770, 29 ALR2d 1051 (1951) in which it was said that a parolee continues in the custody of the Warden during the parole period. Petitioner argues that if, during parole, he was still in custody of the Warden he necessarily continued to serve his sentence and that he must therefore be given credit for the time so served.

■■ The Anderson case merely recognizes that for certain purposes a person on parole continues to be under the custody of the Warden; it does not hold that custody during parole is in all respects tantamount to incarceration. It is within the power of the legislature to require a parole violator to serve out his sentence without credit for the time during which he is on parole. The legislature can constitutionally delegate to the parole board the authority to decide whether the conditions of the parole are fulfilled. Cf., *Rightnour v. Gladden*, 219 Or 342, 347 P2d 103 (1959).

■ Petitioner argues that ORS 144.390 is inconsistent with ORS 144.310 which provides that when a sentence expires while the prisoner is on parole the parole board may make a final order of discharge and that the board shall issue a certificate of discharge not later than the date of the expiration of the sentence.[1]

---

[1] "144.310 When any paroled prisoner has performed the obligations of his parole for such time as satisfies the State Board of Parole and Probation that his final release is not incompatible with his welfare and that of society, the board may make a final order of discharge and issue to the paroled prisoner a certificate of discharge; but no such order of discharge shall be made in

It is argued that the language "when the * * * sentence * * * expires" and "expiration of the sentence" used in the statute indicates that the legislature intended that a prisoner on parole would be serving his sentence. The statutes are not inconsistent. The legislature made one provision for the expiration of sentence for those who do not violate the conditions of their parole and another provision for those who do.

The judgment is affirmed.

---

any case within a period of less than one year after the date of release on parole, except that when the period of the sentence imposed by the court expires at an earlier date, a final order of discharge shall be made and a certificate of discharge issued to the paroled prisoner not later than the date of expiration of the sentence."