**Paul Courter HOLLAND, Petitioner,**

v.

**Clarence T. GLADDEN, Warden, Oregon State Penitentiary, Defendant.**

**Civ. No. 63-259.**

United States District Court
D. Oregon.

Dec. 16, 1963.

Jerome L. Noble, Dallas, Or., for petitioner.

Robert Y. Thornton, Atty. Gen., of Oregon, and C. L. Marsters, Asst. Atty. Gen., Salem, Or., for defendant.

SOLOMON, Chief Judge.

Petitioner filed an application for a writ of habeas corpus to set aside his conviction and twenty-year sentence based upon his plea of guilty to an information charging him with rape. Petitioner does not attack the five-year sentence for burglary, simultaneously imposed upon him. Petitioner admits that he committed the burglary and that he freely confessed and entered his plea on that count. However, petitioner alleges that he was coerced into signing a confession to the charge of rape. He further alleges that this coercion followed

him into court and vitiated his waiver of indictment and right to counsel as well as his plea of guilty to the crime of rape.

The evidence is essentially undisputed. Petitioner had been under surveillance by the police for several months in connection not only with burglaries but also with a wave of criminal assaults upon women in various communities in Coos County, Oregon. The police had not arrested him earlier for burglaries which they saw him commit because they had reason to believe that he was committing the assaults and the public was clamoring for the apprehension of the culprit.

On September 6, 1960, at approximately 11:00 P.M., petitioner was arrested in a strange apartment house. Upon his arrest, petitioner volunteered the information that he had entered the premises for the purpose of burglarizing an apartment but he refused to admit participating in any of the assaults.

When the Sheriff and police officers insisted upon discussing the attacks on women, petitioner asked for an attorney. Petitioner was not acquainted with any attorneys in the area. At his request, the Sheriff placed three calls to local attorneys at about 1:30 A.M. Only one lawyer answered his telephone and he refused to come to the police station or to assist petitioner. The Sheriff then informed petitioner that he would take the petitioner before a magistrate at 10 o'clock in the morning. At no time was petitioner advised of his right to maintain silence, or that his statements could be used against him. In fact, the Sheriff told him that until he was brought before the magistrate, "you and I are going to talk."

Petitioner was not permitted to use the telephone to call his wife, and during the interrogation several assault victims and their husbands were called to the city jail and were permitted to see the petitioner through barred windows. During this period petitioner was partially disrobed in a search for identifying marks. As many as seven officers from both the County Sheriff's office and the City Police combined to interrogate petitioner from 11:00 P.M. to 4:00 A.M. Shortly after 4:00 A.M., petitioner confessed to a number of attempted and actual rapes and also to numerous burglaries. His confession was thereafter reduced to writing. Petitioner signed it. He was then permitted to call his wife.

Later that morning, petitioner, instead of being brought before a magistrate, was brought directly before a Circuit Judge. After the judge had told him of his constitutional rights, petitioner waived indictment and the right to counsel. He then entered a plea of guilty to an information charging him with burglary and rape. He was sentenced to five years for burglary and twenty years for rape, the sentences to run consecutively.

From the time of petitioner's arrest until sometime after his guilty plea was offered and accepted, he was constantly in the company of law enforcement officers.

The State contends that the facts and circumstances surrounding petitioner's confession did not amount to coercion. I disagree. The actions of the police show a flagrant disregard of those procedural safeguards guaranteed to all suspected criminals by the due process clause of the Fourteenth Amendment. The law enforcement officers did not warn petitioner of his constitutional right to remain silent. In fact, they strongly implied—by words and actions —that petitioner was required to answer questions put to him by the Sheriff and other police officers. At the trial the Sheriff defended this tactic.

Petitioner's request for counsel was effectively denied. The Sheriff's attempt to obtain counsel for petitioner at 1:30 in the morning was illusory. If the Sheriff seriously intended to permit petitioner to obtain counsel, he should have stopped the interrogation and given petitioner the opportunity to contact a lawyer during normal office hours. Petitioner was not allowed to call his wife, who might have secured counsel for him. The police-in-

spired "viewing" of petitioner by a group of alleged rape victims and their husbands is shocking, particularly when it occurred at 2:30 in the morning and when petitioner was friendless and without counsel. Petitioner was interrogated by teams of officers and was not alone or in friendly company from the time of his arrest until the time of his confession. Even if each of these factors is insufficient in itself to warrant a finding of coercion, together they paint a picture of police practices repugnant to the requirements of due process. Haynes v. Washington, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963).

■ The State argues that since the confession was not used against the petitioner, the method by which the police extracted the confession did not taint petitioner's plea and conviction. The unconscionable speed with which petitioner was brought before the court after a night of interrogation under the circumstances previously described, vitiates not only the confession but also the plea of guilty to the charge of rape.

■■ In spite of my strong belief that petitioner's conviction and sentence on the charge of rape did not meet the standards of procedural due process guaranteed by the Fourteenth Amendment, I am unable to grant him relief. The remedy of habeas corpus lies only when a determination in the prisoner's favor will result in his immediate release from custody. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934). Since petitioner does not contest his burglary conviction and since he was sentenced on that charge to five years imprisonment on September 7, 1960, he is now lawfully imprisoned. Therefore, his petition is premature. United States v. Carpenter, 9 Cir. 1907, 151 F. 214, cited with approval in McNally v. Hill, supra; United States ex rel. Jackson v. Banmiller, E.D.Pa. 1960, 187 F.Supp. 513.

The Court appointed Mr. Jerome L. Noble to represent petitioner in these proceedings. Mr. Noble has devoted a great deal of time and effort in the investigation, preparation, and trial of this case. The Court desires to express to him its deep gratitude for the excellent representation which he gave petitioner.

Petitioner's application for a writ of habeas corpus is dismissed without prejudice.