Harley W. MILLER, Plaintiff,

v.

C. T. GLADDEN, Warden of the Oregon
State Penitentiary, Defendant.

Civ. No. 63–440.

United States District Court
D. Oregon.

April 17, 1964.

James F. Spiekerman, Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for petitioner.

C. L. Marsters, Asst. Atty. Gen., Salem, Or., for respondent.

KILKENNY, District Judge.

Plaintiff, an inmate of the Oregon State Penitentiary, was sentenced by an Oregon Circuit Court to an intermediate period of time, not exceeding fifteen years in said penitentiary. His term commenced on April 29, 1954. Plaintiff was granted a parole on April 28, 1958. The parole was revoked on August 28, 1961, and plaintiff was returned on September 21, 1961, to serve the balance of his sentence. No credit was given, against his original sentence, for the time he spent on parole between April 28, 1958, and August 28, 1961.

Plaintiff, in this habeas corpus proceeding, raises four principal questions, which I shall consider in the sequence outlined in the pre-trial order.

1. Does the failure to give plaintiff credit for the time spent on parole, deprive plaintiff of due process of law and equal protection of the laws, as guaranteed by the Constitution of the United States?

The Oregon Statute [1] provides, in substance, that after a revocation of a parole, the time elapsed while on parole does not diminish the term of the sentence.

I have grave doubts as to whether this question can be properly presented before the expiration of the original sentence on April 28, 1969

■ A remedy under habeas corpus is available only when a judgment in favor of the prisoner will result in his immediate release from custody. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238. It would seem that the remedy is not available to him at this time. United States v. Carpenter, 151 F. 214 (9 Cir. 1907); Holland v. Gladden (D.C.Or.) 226 F.Supp. 654.

■ Assuming, arguendo, that the question is properly presented, it is my judgment that the contention is without merit. The Oregon Court has considered the question and has held that the Legislature has power to require a parole violator to serve out his sentence, without credit for time on parole. Greenwood v. Gladden, 231 Or. 396, 373 P.2d 417 (1962). Also, petitioner's own case before the Oregon Supreme Court, Miller v. Gladden, 233 Or. 174, 377 P.2d 165 (1962). A similar Federal statute [2] has been construed against petitioner's contention. Taylor v. Squier, 142 F.2d 737 (9 Cir. 1944), cert. den. 323 U.S. 755, 65 S.Ct. 82, 89 L.Ed. 604; Looney v. Lenz, 217 F.2d 841 (9 Cir. 1955), cert. den. 349 U.S. 965, 75 S.Ct. 898, 99 L.Ed. 1287; Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1958). The case of Commonwealth ex rel. Banks v. Cain, 345 Pa. 581, 28 A.2d 897, 143 A.L.R. 1473 (1942), is cited by plaintiff. A thorough analysis of the Cain case lends little support to plaintiff's theory. For that matter, Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247 (1923), cited in Cain remanded the prisoner to the custody of the Warden, to serve the remainder of the original sentence, without credit for parole time. Although Anderson v. Alexander, 191 Or. 409, 229 P.2d 633, 230 P.2d 770, 29 A.L.R.2d 1051 (1951) recognizes that for certain purposes a person on parole continues to be under the custody of the Warden, it specifically distinguishes between such custody and incarceration.

The State of Idaho, at the time of the decision in Ex Parte Prout, 12 Idaho 494, 86 P. 275, 5 L.R.A.,N.S., 1064 (1906), had no statute specifically touching on the subject. The case is of no help.

It is my conclusion that the Oregon Legislation does not encroach on plaintiff's constitutional rights.

■ 2. It is claimed that the Oregon State Board of Parole and Probation, was created in violation of the Oregon State Constitution, and that the acts of the Board are void.

The pre-trial order recites that substantially the same grounds for relief, as urged in this proceeding, were before the Oregon Courts in the habeas corpus proceeding, which reached finality in the

1. ORS 144.390.

2. 18 U.S.C. § 4205.

decision of the Supreme Court in Miller v. Gladden, supra. Since the Oregon Court has considered the constitutionality of the legislation creating its Parole Board and has upheld the validity of such legislation, and, there being no issue of due process under the Federal Constitution, plaintiff cannot challenge the State Court's construction of its own statutes and Constitution, nor should I inquire into the reasons for such construction. Hebert v. Louisiana, 272 U.S. 312, 47 S.Ct. 103, 71 L.Ed. 270 (1926); Winters v. New York, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840. Plaintiff's charge that plaintiff was paroled without legal authority is, likewise, a question of state law and, in view of the above authorities, must be rejected.

■ 3. Does ORS 137.120(2) [3] as administered and applied by the Courts of Oregon, violate the Equal Protection Clause of the 14th Amendment of the Constitution of the United States?

Counsel argues that this statute permits a trial judge to use an extremely wide range of discretion in passing sentence on a defendant, urging that it is possible for some persons to receive a longer sentence for the same offense than others convicted of the same crime. The truth of this argument must be conceded. The validity of plaintiff's conclusions are not. Everything counsel says is tersely brushed aside in Marcella v. United States, 285 F.2d 322 (9 Cir. 1960), cert. den. 366 U.S. 911, 81 S.Ct. 1085, 6 L.Ed. 2d 235, where it is said:

" * * * all murderers do not die, nor is every speeder arrested, or if fined, fined a similar amount. Disparity of sentences is the subject of much discussion these days, but no one has suggested, that the discretion of the trial judge as to the sentences to be given in all cases should be eliminated."

There being no evidence of an abuse of discretion by the trial judge, my finding is against this contention.

4. Were plaintiff's constitutional rights of due process and to equal protection of the laws, violated by failure and refusal of the Oregon Courts to appoint counsel for plaintiff in the state habeas corpus proceeding?

Plaintiff would have us apply the principle announced in Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961), in connection with the payment of filing fees, to the appointment of an attorney. Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963) and Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963) extended the doctrine to transcripts of proceedings. The Oregon Public Defender Statute [4] excludes habeas corpus proceedings from the benefit of the act.

■■ Since this proceeding is civil in nature, the mandatory requirement for the appointment of counsel under the 6th Amendment does not apply. Matter of Dinerstein, 258 F.2d 609 (9 Cir. 1958); Dillon v. United States, 9 Cir., 307 F.2d 445. However, the appointment of counsel may sometimes be mandatory in order to comply with the due process clause of the 5th Amendment. Such a situation arises when the problems presented, or the circumstances of the defendant, are such that a just and conscientious trial cannot be had without the aid of counsel. Anderson v. Heinze, 258 F.2d 479, 481 (9 Cir. 1958); Dillon v. United States, supra. In the Dillon case, the Court cites with approval United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707, 715 (2 Cir. 1960), holding that counsel should be appointed in a habeas corpus proceed-

3. "(2) Whenever any person is convicted of a felony, the court shall, unless it imposes other than a sentence to serve a term in the penitentiary or of death, sentence such person to imprisonment in the penitentiary for an indeterminate period of time, but stating and fixing in the judgment and sentence a maximum penitentiary term for the crime, which shall not exceed the maximum term of imprisonment provided by law therefor; and judgment shall be given accordingly. Such a sentence shall be known as an indeterminate sentence."

4. ORS 138.770.

ing, which presents a *triable issue of fact,* the clear presentation of which requires an ability to organize and present the case for trial. Although Dillon presented a proceeding under 28 U.S.C. § 2255, the Court recognized no distinction between that and a habeas corpus proceeding. The only questions presented in this case before me are those of law, which seem to have been adequately presented to and thoughtfully disposed of by the Oregon Courts. The failure to assign counsel did not encroach plaintiff's rights under the 5th Amendment.

Mr. James F. Spiekerman, assigned counsel for plaintiff, is highly commended for his excellent presentation of plaintiff's claims.

Finding nothing of substance in plaintiff's contentions, his petition and this cause must be dismissed.

It is so ordered.