**Garry L. LEWIS, Petitioner,**

v.

**Clarence T. GLADDEN, Warden of the Oregon State Penitentiary, Respondent.**

**Civ. No. 63–519.**

United States District Court
D. Oregon.

April 24, 1964.

Richard William Davis, Wood, Wood, Tatum, Mosser & Brooke, Portland, Or., for petitioner.

C. L. Marsters, Asst. Atty. Gen., Salem, Or., for respondent.

KILKENNY, District Judge.

On July 22, 1960, petitioner was sentenced, on his plea of guilty to the crime of robbery by force and violence, not being armed with a dangerous weapon. He was committed by the Judge of the Circuit Court for Washington County, to the Oregon State Correctional Institution for a period not to exceed five years, with a credit for two and one-half months spent in jail prior to sentence. In May, 1963, petitioner filed in the Circuit Court for Marion County, a petition for writ of habeas corpus, there contending that the transfer from the Oregon State Correctional Institution to the Oregon State Penitentiary on December 19, 1960, was illegal, unconstitutional and void. That Court, after a hearing, denied said petition. Thereafter, petitioner filed a notice of appeal to the Supreme Court of the State of Oregon from such order of dismissal and also petitioned for the appointment of counsel on appeal. By order dated July 1, 1963, the Oregon Circuit Court denied the application for appointment of counsel. On August 2, 1963, said Supreme Court allowed petitioner to proceed in forma pauperis on appeal, but denied his petition to assign counsel on such appeal. Later petitioner sought the assistance of a Legal Aid Clinic in Salem, Oregon, and also requested assignment of counsel from the American Civil Liberties Union. No attorney was assigned. In September, 1963, petitioner voluntarily requested the dismissal of his appeal. This request was granted and the appeal dismissed, with prejudice, on September 25th of that year.

Since petitioner charges a violation of his rights under the Federal Constitution, this Court, in the exercise of its discretion, assumed jurisdiction in conformity with the principles stated in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Petitioner charges an invasion of his right to due process, when he was refused the aid of counsel on his appeal to the Oregon Supreme Court. The question was answered adversely to petitioner's contention in Miller v. Gladden, D. C., 228 F.Supp. 802. I find nothing in this record to distinguish it from Miller.

The main trust of petitioner's claim is that his imprisonment and restraint in the Oregon State Penitentiary is based on an illegal order transferring him from the Oregon State Correctional Institution to the penitentiary. A copy of the order, signed by the Correctional Classification Board, is in evidence and gives the reason for the transfer.[1] It is petitioner's claim that by such an order he was deprived of due process of law and the equal protection of the laws and that his imprisonment in the penitentiary, after he was sentenced to serve in the correctional institution, constitutes an involuntary servitude in violation of both the 13th and 14th Amendments to the Constitution of the United States.

The Oregon statutes[2] contain specific authority for the transfer from the correctional institution to the penitentiary, and vice versa. The validity of this legislation is challenged on the ground that confinement in the penitentiary is more burdensome, more punitive and more onerous than a restraint in the correctional institution. It is argued that due process is violated by such a transfer in a non-judicial proceeding. That is to say, the transfer is in the nature of passing a separate sentence on

1. "To alleviate overcrowed conditions at the Oregon State Correctional Institution".

2. ORS 421.260(2) and ORS 421.265(1).

the petitioner by an administrative group. Essentially the same argument is made on the claim that petitioner had a vested right to remain in the institution to which he was originally committed. In my view, all of these arguments and claims are without substance. Petitioner must concede that the Legislature had power to create both institutions. The law permitting the transfer from one institution to the other was in full force and effect at the time petitioner entered his plea of guilty and at the time he was sentenced to the correctional institution. It is fundamental that such law was read into and became part of the judgment and sentence. Consequently, both the Judge and petitioner were conclusively presumed to know that petitioner might be transferred to the penitentiary, even though he was sentenced to the other institution. It requires no citation of authority to state that the administration of penal institutions is for the executive, rather than the judicial, branch of our Government. Apart from due process considerations, the Federal Courts have no power to control or supervise state prison regulations or practices. Hatfield v. Bailleaux, 290 F.2d 632 (9 Cir. 1961).

The fact that petitioner has never been returned to the correctional institution is quite understandable, in the light of the numerous disciplinary infractions with which he has been charged in the penitentiary.

■■ Finally, the relief provided by a writ of habeas corpus is available only when a judgment in favor of the prisoner will result in his immediate release from custody. There is no showing that petitioner, even if his confinement had continued in the correctional institution, would be entitled to a discharge, or would have served his time, or would have been paroled. Under such circumstances the remedy of habeas corpus is not available. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Holland v. Gladden (D. C.Or.) 226 F.Supp. 654.

The record discloses a vast amount of time and energy expended by assigned counsel for the petitioner. Such an energetic presentation is worthy of the Court's highest commendations.

The record lends no support to any of petitioner's contentions, on each of which, I find in favor of respondent. This proceeding must be dismissed.

It is so ordered.