Argued December 4, 1967, affirmed January 24, 1968

GILBERT WHALEN, *Appellant, v.*
GLADDEN, *Respondent.*
436 P. 2d 560

*Louise Jayne,* Portland, argued the cause and filed briefs for appellant.

*David H. Blunt,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

SLOAN, J.

In March 1946, Whalen was sentenced to the penitentiary for a maximum of 20 years. He served six-

and-a-half years when he was released on parole. He was on parole for 11 years when the parole board revoked his parole for violation of the restriction on the use of intoxicating liquor. He must now, by the statute, ORS 144.390, serve the remainder of his term of 13 years.

In this habeas corpus proceeding Whalen challenges the parole board's conduct as an abuse of due process, for the failure to allow him a hearing before the order of revocation was entered. He also claims that the resulting penalty is cruel and excessive. The trial court heard evidence on the case and denied the writ. Whalen appeals.

The first argument is answered by *Anderson v. Alexander*, 1951, 191 Or 409, 229 P2d 663, 230 P2d 770, 29 ALR2d 1051, and by *Greenwood v. Gladden*, 1962, 231 Or 396, 373 P2d 417. Although the policy considerations which have prompted the legislature to not provide for a parole board hearing in this situation may be debatable, we can find no authority which says that such a hearing is compelled by due process.

The judgment is, therefore, affirmed.