458 P.2d 711 (1969)
STATE ex rel. John Gilmore, Appellant,
v.
Hoyt C. CUPP, Warden, Oregon State Penitentiary, Respondent.
Court of Appeals of Oregon.
Decided September 12, 1969.
Submitted on Briefs July 7, 1969.
John Gilmore, in pro. per.
Deane S. Bennett, Asst. Atty. Gen., Salem, filed the brief for respondent. With him on the brief was Lee Johnson, Atty. Gen., Salem.
Before SCHWAB, C.J., and LANGTRY, FOLEY and FORT, Judges.
SCHWAB, Chief Judge.
The appellant Gilmore petitioned the circuit court for a writ of habeas corpus alleging that he was illegally imprisoned in that an order of the Oregon State Board of Parole and Probation revoking his parole was without just or legal cause. He appeals from a judgment of dismissal of the writ on two grounds: (1) failure of the parole board to grant him a hearing prior to its order of revocation, and (2) abuse of discretion by the board in revoking his parole in that there was no credible evidence that he had violated the conditions of parole.
In 1957, Gilmore was committed to prison upon conviction of two counts of second degree murder. He was under the influence of intoxicants at the time he committed the murders. In 1965, he was placed on parole. At that time, in accordance with the provisions of ORS 144.270, the parole board specified to him in writing the conditions of his parole which included the apparently usual condition prohibiting the use of intoxicating liquors, and, in addition, a special condition that at the first indication of using intoxicants his case would be immediately referred back to the parole board. About two years later the parole officer supervising Gilmore submitted a report to the parole board stating that Gilmore's fiancee and his daughter had both expressed concern over his drinking. The fiancee's statement was based on hearsay information received from others; the daughter's statement was purportedly based on her direct observation. The parole officer's report went on to state that Gilmore denied drinking, but that he, the parole officer, felt that Gilmore may have been lying. Based solely on this report, the parole board revoked Gilmore's parole on May 1, 1967. In the course of a proceeding before the parole board on May 15, 1967, denominated a revocation review, Gilmore denied the drinking alleged in the parole officer's report which led to *712 the revocation, but admitted to having four drinks on one occasion while he was on parole. In this proceeding the parole board heard no witnesses nor did it offer Gilmore the opportunity of calling witnesses.
The Oregon Supreme Court in Whalen v. Gladden, 86 Or.Adv.Sh. 79, 436 P.2d 560 (1968), has recently reiterated the doctrine discussed at length in Anderson v. Alexander, 191 Or. 409, 229 P.2d 633, 230 P.2d 770, 29 A.L.R.2d 1051 (1951), that a parolee has no constitutional right to a hearing or counsel as a condition of revocation of his parole.
"No inmate of a penal institution has a constitutional right to the enactment of a statute whereby he may secure a parole. Neal v. Himes [sic], 180 Ky. 714, 203 S.W. 518. Nor does anyone have a constitutional right to the enactment of a parole statute whereby paroles can be terminated only in a manner which meets with his approval." Anderson v. Alexander, supra, at 451, 229 P.2d at 651. (Rossman, J., specially concurring.)
The Oregon statutes do not require a revocation hearing.
However, "* * * Even though a prisoner may not be entitled, under constitution or statute, to a hearing on revocation of parole, nevertheless, upon habeas corpus he may always challenge the action of the administrative body if it acts beyond its statutory powers, or fraudulently, corruptly, or on mere personal caprice, or in the absence of any information, and, of course, he may, by his petition, raise the question of his identity as the convicted person. * * *" Anderson v. Alexander, supra, at 430-431, 229 P.2d at 642.
The burden of proof of arbitrariness is on the person whose parole is revoked. Anderson v. Alexander, supra, at 440, 229 P.2d 633.
Here, not only did Gilmore fail to show that the parole board acted arbitrarily in revoking his parole, but by his own testimony, both at the revocation review and in the court below, he proved the contrary by stating that he had violated the conditions of his parole on at least one occasion. The writ of habeas corpus was properly dismissed.
Affirmed.
FORT, J., dissents.