Argued April 23, affirmed May 13, 1971

MICHAEL CORVIN THOMPSON, *Petitioner-Appellant, v.* CUPP, *Respondent.*

484 P2d 858

Argued and submitted April 23, 1971.

*David H. Blunt,* Salem, argued the cause and filed the briefs for appellant.

*James L. Carney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

**SCHWAB, C. J.**

■ The petitioner, Thompson, petitioned the circuit court for a writ of habeas corpus alleging that he was illegally imprisoned in that the Oregon State Board of Parole and Probation had arbitrarily and capriciously revoked his parole. On appeal from judgment dismissing the writ he contends that the board's action was arbitrary and capricious, because (1) it failed to grant him a hearing with counsel prior to its order of revocation, and (2) there was no credible evidence that he had violated the conditions of parole.

> "* * * [A] parolee has no constitutional right to a hearing or counsel as a condition of revocation of his parole." *State ex rel Gilmore v. Cupp*, 1 Or App 22, 24, 458 P2d 711 (1969); *Whalen v. Gladden*, 249 Or 12, 436 P2d 560 (1968); *Anderson v. Alexander*, 191 Or 409, 229 P2d 633, 230 P2d 770 (1951).

As *Whalen v. Gladden*, supra, points out at p 13:

> "* * * Although the policy considerations which have prompted the legislature to not provide for a parole board hearing in this situation may be debatable, we can find no authority which says that such a hearing is compelled by due process."

■ At the time Thompson was paroled, in accordance with the provisions of ORS 144.270, the board specified to him in writing the conditions of his parole which included a prohibition of the use of narcotic drugs. Although Thompson denied making such an admission, the judge who heard the habeas corpus proceedings found that Thompson had admitted to the board at a post-revocation hearing that he had in fact used such drugs while on parole. The burden of proof of arbitrary action on the part of the board rested

with Thompson. *State ex rel Gilmore v. Cupp,* supra. He failed to meet this burden.

Affirmed.

FORT, J., dissenting.

As in *State ex rel Gilmore v. Cupp,* 1 Or App 22, 458 P2d 711 (1969), I again respectfully note my dissent.

This court recently pointed out in *Hanson v. Cupp,* 5 Or App 312, 484 P2d 847 (1971), though in a different context, that there is clearly detectable

"* * * a shift from concern with misconduct of prosecuting authorities as a fraud on the courts * * * [Mooney v. Holohan, 294 US 103, 55 S Ct 340, 79 L Ed 791 (1935)] to the harm to the defendant occasioned by such conduct. * * *

"* * * * *

"Brady[1] focuses the deprivation of due process squarely upon the harm to defendant and not upon the motives of the prosecution. * * *"

In my view the harm to a defendant is no different if the loss of his liberty results from the revocation of his parole than if it results from the revocation of his probation.

When viewed from the standpoint of harm to the defendant, the significant thing about both a probation and a parole revocation is identical—the loss of liberty.

*Anderson v. Alexander,* 191 Or 409, 229 P2d 633, 230 P2d 770 (1951), and *Whalen v. Gladden,* 249 Or 12, 436 P2d 560 (1968), upon which the court relies,

---

[1] Brady v. Maryland, 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963).

dealt with the right to hearing and notice. Neither addressed itself directly to the right to counsel.

*State ex rel Gilmore v. Cupp,* supra, went further and said

"* * * that a parolee has no constitutional right to a hearing or counsel as a condition of revocation of his parole." 1 Or App at 24.

*Gideon v. Wainwright,* 372 US 335, 9 L Ed 2d 799, 83 S Ct 792, 93 ALR2d 733 (1963); *Escobedo v. Illinois,* 378 US 478, 84 S Ct 1758, 12 L Ed 2d 977 (1964); *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966), and *In Re Gault,* 387 US 1, 87 S Ct 1428, 18 L Ed 2d 527 (1967), developed at length the rationale which establishes the necessity of availability of counsel for the proper presentation and consideration of the rights of a person involved in any procedure which has as its direct result the possibility of the person's loss of liberty.

*Anderson,* the principal case, was decided more than a decade before the right-to-counsel cases set forth above.

Here the defendant was accorded a *revocation review* hearing before the State Board of Parole and Probation—a procedure not inconsistent with that authorized by ORS 144.370. Furthermore, rule 15 of the Board, adopted in July 1969, in force in the spring of 1970, provides:

"Parole violators will be given a hearing by the Board at the first meeting following his or her return to the Oregon State Penitentiary or the Oregon State Correctional Institution at which time the parole violator will appear. The Board will at that time discuss the violations charged, and either grant immediate reparole, deny reparole, or set a date for a further reparole hearing."

Its present rule 17 provides similarly. At the hearing below, a member of the State Board of Parole and Probation, in describing the Board's procedures, testified:

"Q You described a hearing before your Board; is that reported?

"A No, it is not reported.

"Q Or recorded, I should say. Are the witnesses sworn?

"A No, the witnesses are not sworn.

"Q Then you do not have such things as a head to head confrontation as to who has told the truth?

"MR. SANDERSON [Assistant Attorney General]: Objection, Your Honor. They don't have to give the man a hearing.

"THE COURT: I'll sustain your objection.

"BY MR. BLUNT:

"Q At this hearing is the revokee, is he permitted to [sic] counsel?

"A No, he is not."

Though the court upon objection made on the ground of relevancy then ordered the answer stricken, it is apparent from the testimony that it would have been a useless act for the defendant to have requested or even to have employed counsel for the hearing.

In *Perry v. Williard,* 247 Or 145, 427 P2d 1020 (1967), though a case involving right to counsel at a probation rather than a parole revocation hearing, the court said:

"Recent decisions in our own court as well as in the United States Supreme Court have been widening and deepening our commitment to individual liberty and to equality before the law. See, e.g., *Gebhart v. Gladden,* supra. It would be somewhat

surprising to hold now for the first time that a wealthy person brought before the court for revocation of probation could not have the assistance of retained counsel to dispute the alleged grounds for revocation. We take judicial notice of the practice of many years' standing which allows counsel to be heard in such proceedings in various circuit courts of this state. We now hold that counsel is not only desirable but is so essential to a fair and trustworthy hearing that due process of law when liberty is at stake includes a right to counsel.

"Accordingly, if a probationer with money is entitled to retained counsel, an indigent is entitled to appointed counsel. As observed in another context, discrimination 'on account of poverty' is as unjustifiable as discrimination on account of religion, race or color. *Griffin v. Illinois*, 351 US 12, 17-18, 76 S Ct 585, 589-590, 100 L Ed 891 (1956). We are aware that a proceeding to review performance on probation is not a criminal trial, but that distinction does not justify the denial of equal protection of the laws when liberty is concerned.

"For the purposes of the summary hearing required by ORS 137.550 (2), unless the person on probation expressly waives the assistance of counsel, the trial court should not proceed with a revocation hearing in the absence of defense counsel." 247 Or at 149.

In conformity with the statute and its own adopted rules of procedure, the State Board of Parole and Probation, though not constitutionally required under *Anderson v. Alexander*, supra, and *Whalen v. Gladden*, supra, to grant a hearing or to give notice, has nevertheless seen fit to establish a revocation hearing procedure. Having done so I believe such hearing, whether viewed as an administrative or a judicial proceeding, must be conducted in compliance with basic concepts of due process and equal protection.

In the words of *Perry v. Williard*, supra, I would accordingly "now hold that counsel is not only desirable but is so essential to a fair and trustworthy hearing that due process of law when liberty is at stake includes a right to counsel." 247 Or at 149.