Submitted on record and briefs September 6,
affirmed October 8, 1973

## WALTER ROWLAND ADAMS, *Appellant, v.* CUPP ET AL, *Respondents.*

514 P2d 562

Robert L. Abel, Salem, for appellant.

Lee Johnson, Attorney General, John W. Osburn, Solicitor General, and Scott McAllister, Assistant Attorney General, Salem, for respondents.

Before LANGTRY, Presiding Judge, and FOLEY and THORNTON, Judges.

LANGTRY, P.J.

This is an appeal from the dismissal of a writ of habeas corpus in which petitioner seeks to obtain his release from the custody of defendant, warden of the

Oregon State Penitentiary, alleging the revocation of his parole was invalid.

The following facts were either undisputed, or found by the court below from conflicting testimony and thus binding on this court. *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968). Petitioner was sentenced in 1966 to a 20-year term in the penitentary as an habitual criminal. He was released on parole March 7, 1969. A condition of his parole was that he not indulge in intoxicating beverages. Petitioner was aware of these conditions and knew that beer was such a beverage. He was arrested on June 5, 1969 as a parole violator. His parole was formally revoked June 16, 1969. On July 10, 1969 he appeared before the Board of Parole and Probation and the revocation was affirmed. At this time petitioner admitted to the parole board that he had been drinking beer. On June 29, 1972 the United States Supreme Court decided *Morrissey v. Brewer*, 408 US 471, 92 S Ct 2593, 33 L Ed 2d 484 (1972), which stated that due process requires an informal hearing to determine factual matters relating to parole revocations. On August 24, 1972 petitioner filed this habeas corpus proceeding.

Petitioner assigns as error, (1) the ruling that *Morrissey v. Brewer*, supra, is not to be applied retroactively, and (2) the ruling that the revocation proceeding in petitioner's case did not violate due process of law.

Petitioner's second assignment of error is an attempt to avoid the consequences of a holding that *Morrissey v. Brewer*, supra, is nonretroactive by making the same due process argument that was successful in *Morrissey*. While the argument seems to have merit, its acceptance would require the overruling of

our previous decisions in *Thompson v. Cupp,* 5 Or App 393, 484 P2d 858 (1971), and *State ex rel Gilmore v. Cupp,* 1 Or App 22, 458 P2d 711 (1969). Those decisions were based on the Oregon Supreme Court decisions of *Whalen v. Gladden,* 249 Or 12, 436 P2d 560 (1968), and *Anderson v. Alexander,* 191 Or 409, 229 P2d 633, 230 P2d 770, 29 ALR2d 1051 (1951), which are directly on point and reject petitioner's due process argument. We are bound by them and powerless to accept petitioner's argument.

The other question revolves around the retroactivity of *Morrissey v. Brewer,* supra. *Morrissey* holds that the requirements of "due process" apply to parole revocation proceedings, and the process that was due was an informal hearing to determine factual matters in which the parolee would have the right to:

> "* * * (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole * * *." 408 US at 489.

The trial court's findings of fact indicate that these standards were not met in this case because it found that, "9. Petitioner was not shown the evidence against him."

However, we reach no conclusion as to the retroactivity of *Morrissey,* because if it is considered

retroactive, petitioner is not entitled to his release given .the facts of this case. In *Morrissey* the court noted that on appeal the state of Iowa had for the first time asserted that Morrissey had admitted violating his parole at a meeting with his parole board held, as here, after his parole was revoked. The court stated as a conclusion to its opinion:

> "In the peculiar posture of this case, given the absence of an adequate record, we conclude the ends of justice will be best served by remanding the case to the Court of Appeals for its return of the two consolidated cases to the District Court with directions to make findings on the procedures actually followed by the Parole Board in these two revocations. If it is determined that petitioners admitted parole violations to the Parole Board, as Iowa contends, and if those violations are found to be reasonable grounds for revoking parole under state standards, that would end the matter * * *." 408 US at 490.

Here Adams admitted violating a condition of his parole and the violation he admitted has been determined to be a proper ground for revoking parole in this state. *State ex rel Gilmore v. Cupp,* supra. This being so the judgment of the court below dismissing the writ is affirmed.

Affirmed.