UNITED STATES of America ex rel. Robert H. LONG, Appellant,

v.

Alfred T. RUNDLE, Superintendent, State Correction Institution

and

Pennsylvaania Board of Parole.

No. 14573.

United States Court of Appeals Third Circuit.

Submitted Feb. 3, 1964.

Decided Feb. 7, 1964.

496

matter of state law, that this clearly appeared on the face of the petition for habeas corpus and that, therefore, no hearing on the petition need be held.

 In addition to the above point, appellant now claims that he " * * * was deprived of his Constitutional right to counsel at trial which resulted in his second sentence on which he was tried and convicted April 23, 1957, * * *." This contention was never made by appellant in his state court habeas corpus proceeding and was not raised in the district court. There is no justification presented for this court to consider it at this time. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

The judgment of the district court will be affirmed.

Robert H. Long, pro se.

James C. Crumlish, Jr., Dist. Atty., John F. Hassett, Asst. Dist. Atty., Arlen Specter, Asst. Dist. Atty., Chief, Litigation Division, F. Emmett Fitzpatrick, Jr., First Asst. Dist. Atty., Philadelphia, Pa., for appellee.

Before McLAUGHLIN, GANEY and SMITH, Circuit Judges.

PER CURIAM.

Appellant while on parole from a Commonwealth of Pennsylvania prison sentence committed another crime for which he received a second prison sentence. The State Board of Parole directed that he serve the second sentence prior to completing the first. Appellant contends that he should have been permitted to finish out the first sentence on being recommitted.

 The district court properly determined that the question presented was a