William Kloiber, in pro. per.

GRIM, District Judge.

In this habeas corpus petition, relator, a state prisoner, questions the constitutionality of the actions of the Pennsylvania Board of Parole in revoking his parole and ordering his return to prison.

In the petition, the following relevant facts are alleged:

1. In 1953 relator was tried and convicted on a bill of indictment charging robbery. (Bill No. 68 of April Term, 1952—Lehigh County). The trial judge sentenced relator to a term of imprisonment the minimum incarceration to be three and one-half years and the maximum period, seven years.

2. On December 27, 1954, relator commenced the service of this sentence. In the normal course of events, his maximum sentence would have expired on December 27, 1961.

3. On April 18, 1958, relator was released from prison on parole.

**UNITED STATES of America ex rel. William KLOIBER**

v.

**COMMONWEALTH OF PENNSYLVANIA, David N. Myers, et al.**

**Misc. No. 2687.**

United States District Court E. D. Pennsylvania.

April 29, 1964.

4. On February 26, 1961, while on parole, relator was arrested on a charge of burglary. He was subsequently tried, convicted and sentenced to a term of imprisonment, the minimum period of incarceration to be one year and the maximum, two years. (Bill No. 34 of June Term, 1961—Lehigh County).

5. In pronouncing this one to two year sentence on June 20, 1961, the trial judge directed that relator's sentence would be computed from the date of his arrest and commitment to await trial, namely, February 26, 1961.

6. After serving one year of this one to two year sentence, relator was released on parole as of February 26, 1962.

7. On or about February 26, 1962, relator was recommitted to prison to serve the balance of his three and one-half to seven year sentence from which he had originally been released on parole.

Relator contends that his three and one-half to seven year sentence expired on December 27, 1961, and that consequently the Pennsylvania Board of Parole was without authority in February of 1962 to recommit him to prison although admittedly he had committed a crime and had been convicted of that crime while on parole from this three and one-half to seven year sentence. Relator contends that the Pennsylvania statute admittedly authorizing such recommitments to prison [1] is a bill of attainder and ex post facto law and places him in "double jeopardy" all in violation of the constitution of the United States and the constitution of the State of Pennsylvania.

This is relator's fifth habeas corpus petition to the court. In Misc. 2384 relator alleged that he was denied a fair trial by the use of perjured testimony, the introduction of the coerced confessions of two co-conspirators, and the suppression of evidence and testimony. He also alleged that the parole revocation and reimprisonment to serve the balance of the first three and one-half to seven year sentence placed him in "double jeopardy." Relator stated that a habeas corpus petition to the "local court" had been denied. On February 28, 1962, this court denied the petition for failure to exhaust state remedies, specifically the taking of an appeal from the refusal of the lower state court to grant the writ.

In Misc. 2402, relator asserted substantially the same allegations with the exception that no mention was made of the parole revocation issue. Relator alleged that "cruel and unusual punishment" would be inflicted if he sought redress in the state courts. On May 28, 1962, this court denied the petition for failure to exhaust state remedies and directed the Clerk of the District Court to send relator a copy of this court's local rule 37.

In Misc. 2541, relator, in addition to the allegations of denial of a fair trial asserted in his two prior petitions, claimed that his constitutional rights were infringed by the fact that the same attorney represented his brother and himself at their trial. Relator asserted that there was a conflict of interest between the defense of his brother and himself, and that therefore the denial of severance by the trial court deprived him of effective assistance of counsel. No allegation was made with regard to the parole rev-

---

1. The Pennsylvania Board of Parole Act provides under Section 21.1:

"(a) Convicted violators. Any parolee * * * released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury * * * at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator. If his recommitment is so ordered, he shall be re-entered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole. * * *" Act of Aug. 6, 1941, P.L. 861, § 21.1 added by Act of Aug. 24, 1951, P.L. 1401, § 5, as amended by Act of June 28, 1957, P.L. 429, § 1; 61 P.S. § 331.21a.

ocation. On August 1, 1963, the court again denied the petition for failure to exhaust state remedies.

In Misc. 2600, relator again asserted that he was denied effective assistance of counsel because he and his brother were represented at trial by the same attorney. He also alleged that his parole revocation and recommitment to prison was improper. In this petition, relator quoted from an order of the Court of Common Pleas of Lehigh County dated August 30, 1963 (No. 333 September Term, 1963) denying relator's habeas corpus petition. From this order, it plainly appeared that the Lehigh County Court had considered and dismissed on the merits relator's contention that he was denied effective assistance of counsel by the fact that the same attorney represented his brother and him at the trial after a request for severance · had been denied. However, the order made no reference to any question being raised as to the legality of relator's parole revocation. On October 8, 1963, this court denied relator's petition without prejudice after pointing out that the state remedy of appeal from the order of the Lehigh County Court was still open to relator.

The allegations asserted in the present petition (Misc. 2687) have been outlined above. It is to be noted that no assertion of denial of effective assistance of counsel is made. Likewise relator has not seen fit to advise this court as to what efforts have been made to present his allegations with regard to the parole revocation to the state courts. However, our independent research has indicated that on November 1, 1963, an appeal from the order of the Lehigh County Court (No. 333 September Term, 1963) was filed with the Superior Court of Pennsylvania (No. 9 Oct. Term, 1964). On April 3, 1964, the Superior Court affirmed per curiam without opinion, the lower court's denial of relator's habeas corpus petition.

It does not appear that any petition for allocatur has been filed with or acted upon by the Supreme Court of Pennsylvania.

From an examination of relator's petition to the Superior Court, it appears that the only allegation of constitutional infringement before that court involved the question of effective assistance of counsel arising out of the fact that the same attorney represented relator and his brother at the trial. Although the petition in a section entitled "Statement of Case" contains a statement referring to the parole revocation, recommitment and recomputation of the expiration date of his sentence, the balance of the petition is directed to argument on the dual representation issue. Moreover, the order of the Lehigh County Court which was the basis of the appeal makes no mention of the parole revocation issue but rather states that the habeas corpus petition before it was "based upon refusal of severance * * * and upon prejudice to relator because he and his brother, Stephen, were represented by the same counsel * * *."

On the present state of the record therefore, the court is unable to say that relator's allegations that his constitutional rights have been infringed by the revocation of his parole and recommitment to prison has ever been considered by the state courts and it appears that this issue was never presented to the state courts.

Although relator's allegations in this petition appear to be without merit, the court out of respect for state processes deems it proper that the issues raised in this petition first be presented to the state courts. Accordingly, the petition will be denied without prejudice to the right of relator to reassert his claims in this court when he can demonstrate that he has properly exhausted his state remedies.