UNITED STATES of America ex rel. Henry N. HORNE

v.

PENNSYLVANIA BOARD OF PAROLE, Commonwealth of Pennsylvania Legislative Body.

Misc. Nos. 2763, 2775.

United States District Court E. D. Pennsylvania.

Sept. 29, 1964.

Petition for Rehearing Denied Nov. 2, 1964.

Petition for Certificate of Probable Cause Denied Nov. 2, 1964.

Henry N. Horne, in pro. per.

GRIM, District Judge.

Relator, a state prisoner, on April 13, 1964, filed a habeas corpus petition in this court (Misc. No. 2698, United States ex rel. Horne v. Myers, 228 F.Supp. 696) contesting the constitutionality of the Pennsylvania statute which authorized his recommitment to prison upon conviction of a crime committed during the period of his parole. That petition was dismissed by this court on April 14, 1964, without prejudice to the right of relator to reassert his contention once he could demonstrate that he had exhausted his presently available state remedies.

On June 6, 1964, relator filed the present petition in this court (Misc. No. 2763) incorrectly denominated as a "Petition for Declaratory Judgment", again asserting that the Pennsylvania Board of Parole Act is unconstitutional. Specifically, relator asserts that the Act is an unconstitutional bill of attainder and has subjected him to "double jeopardy" and deprivation of due process and equal protection of the law.

In this petition and in two companion petitions filed July 29, 1964 (M-2775 "Motion to Proceed in forma pauperis and to Appoint Legal Counsel") and July 30, 1964 (M-2763 "Petition in reference to case in point as read in Petition Misc. No. 2763" [sic]), relator asserts that he sought habeas corpus relief from the Common Pleas Court of Philadelphia County (C.P. 2 March Term, 1964, No. 4470) with respect to the above-mentioned allegations of violation of his con-

stitutional rights. Relator asserts that his petition was denied by that state court on May 25, 1964. Subsequently, relator asserts that two petitions to the Supreme Court of Pennsylvania for "declaratory judgment" raising the same allegations as are asserted in the petition before this court, were returned to him by the Prothonotary of the Supreme Court "for the reason that the Supreme Court of Pennsylvania does not render declaratory judgments. * * *"

While it still does not affirmatively appear that relator has properly exhausted his state remedies, no useful purpose will be served by permitting relator to burden the courts of Pennsylvania and this District with more petitions raising the same allegations as are raised in this petition, particularly since it is clear that relator's allegations are without any constitutional merit. Accordingly, the court will consider relator's petition on the merits.[1]

From an examination of the petitions filed in this court, it appears that relator in 1959 was tried and convicted of the crime of conspiracy, larceny and receiving stolen goods. He was sentenced to a maximum prison term of five years, but in 1960 was released on parole. Relator admits that while on parole he committed another crime within this Commonwealth for which he was convicted and sentenced on October 4, 1963 to a prison term of from five months to 23 months. Subsequently, it appears that the Parole Board executed the revocation of parole which relator complains of in this petition.

Relator's allegation that Section 21.1 of the Pennsylvania Board of Parole Act, 61 P.S. § 331.21a, is an unconstitutional bill of attainder is clearly without merit. The Act does not authorize punishment without a judicial trial.

Relator's present incarceration is in execution of the original sentence of the court imposed in 1959 after judicial trial which sentence was only provisionally suspended by relator's parole. See Story v. Rives, 68 App.D.C. 325, 97 F.2d 182 (1938), cert. denied 305 U.S. 595, 59 S. Ct. 71, 83 L.Ed. 377 (1938).

Likewise the application of the Pennsylvania Board of Parole Act to a parole violator such as relator does not place him in double jeopardy. Relator has not been tried or punished twice for the same offense. He was tried and sentenced in 1959 to a maximum imprisonment of five years. By the act of parole revocation he is required to serve only his full five year sentence. The fact that relator must serve his maximum sentence rather than some shortened period of incarceration results from his breach of the terms of his conditional release from prison; the parole revocation is not an imposition of an additional penalty for relator's original crime. See Howard v. United States, 274 F.2d 100, 102 (8th Cir.1960) cert. denied 363 U.S. 832, 80 S.Ct. 1604, 4 L.Ed.2d 1525 (1960); Woods v. Steiner, 207 F.Supp. 945 (D.Md.1962); Van Buskirk v. Wilkinson, 216 F.2d 735 (9th Cir.1954).

Finally, there is no merit in relator's contention that the Pennsylvania Board of Parole Act is violative of the equal protection or due process clauses of the Constitution.

Since relator's allegations with regard to the application of the Pennsylvania Board of Parole Act do not, on their face and in the light of settled case law, present any substantial constitutional question, there is no necessity to convene a three-judge court under 28 U.S.C.A. 2281 et seq. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933); Bell v. Waterfront Commission

---

1. The doctrine of exhaustion of state remedies was devised to avoid "unseemly collisions" with state courts "by allowing the state courts first opportunity to review alleged state abuses of federal constitutional rights", United States ex rel. Drew v. Myers, 327 F.2d 174, 183

(3d Cir. 1964). However, it is never an "indignity to state processes" to hold that the particular allegations of state abuses are clearly without merit. See In re Thompson's Petition, 301 F.2d 659, 660 (3d Cir. 1962).

of New York Harbor, 279 F.2d 853 (2d Cir.1960).

## ORDER

And now, this 29th day of September, 1964, the petitions of Henry N. Horne for the appointment of counsel and for a writ of habeas corpus are denied.