UNITED STATES of America ex rel.
William KLOIBER

v.

David N. MYERS, Supt., Graterford State
Prison, Pa., Pennsylvania Board of
Parole, et al.

No. M–2899.

United States District Court
E. D. Pennsylvania.

Jan. 19, 1965.

William Kloiber, in pro. per.

GRIM, District Judge.

In this habeas corpus petition, relator, a state prisoner, questions the constitutionality of the actions of the Pennsylvania Board of Parole in revoking his parole and ordering his present imprisonment. Relator asserts that his present imprisonment is contrary to the constitutional prohibitions against bills of attainder, double jeopardy, ex post facto laws and deprivations of due process of law.

An examination of this petition and prior petitions filed by relator in this court discloses the following relevant allegations of fact:

1. In 1953 relator was tried and convicted on a bill of indictment charging robbery. (Bill No. 68 of April Term, 1952—Lehigh County). The trial judge sentenced relator to a term of imprisonment the minimum incarceration to be three and one-half years and the maximum period, seven years.

2. On December 27, 1954, relator commenced the service of this sentence. In the normal course of events, his maximum sentence would have expired on December 27, 1961.

3. On April 18, 1958, relator was released from prison on parole.

4. On February 26, 1961, while on parole, relator was arrested on a charge of burglary. He was subsequently tried on this charge, convicted and sentenced to a term of imprisonment, the minimum period of incarceration to be one year and the maximum, two years. (Bill No. 34 of June Term, 1961—Lehigh County) commencing as of February 27, 1961.

5. After serving one year of this one to two year sentence, relator was released on parole on or about February 26, 1962.

6. On or about February 26, 1962, relator was recommitted to prison to serve the balance of his three and one-half to seven year sentence from which he had originally been released on parole.

■■ This is relator's seventh habeas corpus petition to this court. In three prior petitions (M–2384, M–2600 and M–2687, United States ex rel. Kloiber v. Com. of Pa., D.C., 229 F.Supp. 265), the parole revocation issue asserted in this petition was pleaded but not determined by this court since it appeared that relator had not exhausted the state remedies then available to him. It still does not affirmatively appear that relator has exhausted his state remedies with regard to the parole revocation issue. However, no useful purpose will be served by permitting relator to burden the courts of Pennsylvania and this District with more petitions raising the same allegations as are raised in this petition, particularly since it is clear that relator's allegations are without any constitutional merit. Accordingly, the court will consider relator's petition on the merits.[1]

■ Relator's petition, inasmuch as it asserts a claim that the Act under which the Parole Board was authorized to revoke his parole and recommit him to prison[2] is an unconstitutional bill of at-

1. The doctrine of exhaustion of state remedies was devised to avoid "unseemly collisions" with state courts "by allowing the state courts first opportunity to review alleged state abuses of federal constitutional rights", United States ex rel. Drew v. Myers, 327 F.2d 174, 183 (3d Cir. 1964). However, it is never an "indignity to state processes" to hold that the particular allegations of state abuses are clearly without merit. See In re Thompson's Petition, 301 F.2d 659, 660 (3d Cir. 1962).

2. Section 21.1 of the Pennsylvania Board of Parole Act provides:
   "(a) Convicted violators. Any parolee * * * released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury * * * at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator. If his recommitment is so ordered, he shall be re-entered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole. * * *" Act of Aug. 6, 1941, P.L. 861, § 21.1 added by Act of Aug. 24, 1951, P.L. 1401, § 5, as amended by Act of June 28, 1957, P.L. 429, § 1, 61 P.S. § 331.21a.

tainder, is clearly without merit. The Act does not authorize punishment without a judicial trial. Relator's present incarceration is in execution of the original sentence of the court imposed in 1953 after judicial trial which sentence was only provisionally suspended by relator's parole. See Story v. Rives, 68 App.D.C. 325, 97 F.2d 132 (1938), cert. denied, 305 U.S. 595, 59 S.Ct. 71, 83 L.Ed. 377 (1938).

Likewise the application of the Pennsylvania Board of Parole Act to a parole violator such as relator does not place him in double jeopardy. Relator has not been tried or punished twice for the same offense. He was tried and sentenced in 1953 to a maximum imprisonment of seven years. By the act of parole revocation he is required to serve only his full seven year sentence. The fact that relator must serve his maximum sentence rather than some shortened period of incarceration results from his breach of the terms of his conditional release from prison; the parole revocation is not an imposition of an additional penalty for relator's original crime. See Howard v. United States, 274 F.2d 100, 102 (8th Cir. 1960) cert. denied 363 U.S. 832, 80 S. Ct. 1604, 4 L.Ed.2d 1525 (1960); Woods v. Steiner, 207 F.Supp. 945 (D.Md.1962); Van Buskirk v. Wilkinson, 216 F.2d 735 (9th Cir. 1954).

Finally, there is no merit in relator's contentions that the Pennsylvania Board of Parole Act is an ex post facto law or violates the equal protection or due process clauses of the Constitution.

Since relator's allegations with regard to the application of the Pennsylvania Board of Parole Act to him do not, on their face and in the light of settled case law, present any substantial constitutional question, there is no necessity to convene a three-judge court under 28 U.S.C.A. § 2281 et seq. .Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933); Bell v. Waterfront Commission of New York Harbor, 279 F.2d 853 (2d Cir. 1960).

## ORDER

And now, this 19th day of January, 1965, the petition of William Kloiber for a writ of habeas corpus and the appointment of counsel is denied.