UNITED STATES of America ex rel.
William M. HEACOCK

v.

David N. MYERS, Superintendent, State Correctional Institution, Graterford, Pennsylvania, and the entire Pa. Board of Parole.

Misc. No. 3218.

United States District Court
E. D. Pennsylvania.

March 4, 1966.

William M. Heacock, pro se.

No appearance for respondents.

JOSEPH S. LORD, III, District Judge.

According to the allegations of his petition for habeas corpus, relator was sentenced by the Court of Oyer and Terminer of Philadelphia County, Pennsylvania, to a term of three to ten years imprisonment, the maximum to expire on March 25, 1964. At the expiration of his minimum term, relator was paroled. While on parole, he committed another crime, for which he was convicted and sentenced to six months imprisonment. At the expiration of that

term but after his original ten year maximum would have expired, relator was returned to prison by the Pennsylvania Board of Parole as a convicted parole violator. He is now serving part of the remaining seven years of his original sentence. He has duly exhausted state remedies, and he brings this petition here.

Relator's principal contentions are that the Parole Board is without authority to recommit a convicted parole violator to prison to serve the remainder of his sentence after the original maximum has expired; that to do so is to extend his maximum unlawfully; that in any event it may not be done *in absentia* and without counsel; and that if state law permits these practices, it violates the due process, equal protection, double jeopardy and bill of attainder clauses of the Federal Constitution.

There is ample warrant in state law for recommitment of a convicted parole violator to serve the time remaining on the sentence from which he was paroled. By statute:

"Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator. If his recommitment is so ordered, he shall be re-entered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole. * * *" 61 P.S. § 331.21a (a).

■ Relator was treated in accordance with this provision. A parolee who commits a crime may be required to serve the balance of his term, regardless of the fact that it would otherwise have expired. Commonwealth ex rel. Wright v. Maroney, 201 Pa.Super. 118, 191 A.2d 866 (1963). "Street time," or the period spent on parole before the criminal violation, is not credited to the sentence to be served upon recommitment. Commonwealth ex rel. O'Leary v. Ashe, 152 Pa.Super. 322, 32 A.2d 36 (1943).

■■ Certainly a state is not precluded by the Federal Constitution from giving paroled convicts an added inducement to "go straight" by retaining the ability to recommit them for crimes they commit while on parole. See Zerbst v. Kidwell, 304 U.S. 359, 363, 58 S.Ct. 872, 82 L.Ed. 1399 (1938). No constitutional question is involved in the Parole Board's failure to give relator credit for time on parole and its adjustment of the expiration date of his new maximum. Miller v. Gladden, 228 F.Supp. 802 (D.Or.1964), aff'd, 341 F.2d 972 (C.A. 9, 1965); Woods v. Steiner, 207 F.Supp. 945 (D.Md.1962). See also United States ex rel. Kloiber v. Myers, 237 F. Supp. 682 (E.D.Pa.1965); United States ex rel. Horne v. Pennsylvania Bd. of Parole, 234 F.Supp. 368 (E.D.Pa.1964).

This practice was before the court in United States ex rel. Long v. Rundle, 327 F.2d 495 (C.A.3, 1964), cert. denied, 377 U.S. 957, 84 S.Ct. 1638, 12 L.Ed.2d 501 (1964). Relator had argued that he should have been permitted to serve the remainder of the sentence from which he was paroled before serving the sentence imposed for the crime committed while on parole. In affirming, *per curiam,* the dismissal of relator's petition without a hearing, the court gave an answer to that contention which applies equally here:

"The district court properly determined that the question presented was a matter of state law, that this clearly appeared on the face of the petition for habeas corpus and that, therefore, no hearing on the petition need be held." 327 F.2d at 496.

■ Relator's contention that the recommitment by the Parole Board was an action requiring his appearance with

counsel is also lacking in merit. As a matter of state procedure, a "technical violator" (one who violates parole by conduct other than commission of a new crime) "may be recommitted after hearing before the board." 61 P.S. § 331.-21a(b). The hearing is informal and summary. Commonwealth ex rel. Hendrickson v. Pennsylvania State Bd. of Parole, 409 Pa. 204, 185 A.2d 581 (1962). Compare Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932). A "convicted violator" is not accorded a hearing under the statute; he simply "may, at the discretion of the board, be recommitted as a parole violator." 61 P.S. § 331.21a(a).

■ It has been held broadly that "due process does not require that a parole revocation be predicated upon notice and opportunity to be heard." Curtis v. Bennett, 351 F.2d 931, 933 (C.A.8, 1965); see Escoe v. Zerbst, 295 U.S. 490, 492–493, 55 S.Ct. 818, 79 L.Ed. 1566 (1935); Johnson v. Tinsley, 234 F.Supp. 866 (D.Colo.1964), aff'd, 337 F.2d 856 (C.A.10, 1964); Martin v. United States Board of Parole, 199 F.Supp. 542 (D.D.C. 1961). When recommitment is based on commission of a crime while on parole, the discretion to be exercised by the Parole Board does not, to be informed, require the parolee's presence, so long as the criminal trial itself comported with due process.

■ The Pennsylvania parole revocation procedure, distinguishing between cases where there has been a conviction and those where the violation has not been subject to judicial cognizance, implicitly depends upon the judicial process to find the facts of the former type of violation reliably. From that point on, .the Board's discretion is apparently felt to rest upon considerations extrinsic to the violation, for the ascertainment of which the state deems no hearing required. As a constitutional matter, we cannot say that Pennsylvania's primary reliance on the criminal courts and the Parole Board's subsequent exercise of its discretion without an additional hearing are fundamentally unfair.

Relator asserts no unfairness or lack of counsel at the trial on the second charge. According to his petition, his recommitment is based on that conviction. At that trial, he had an opportunity to contest the facts on which the recommitment is primarily based. Cf. Kadish, Legal Norm and Discretion in the Police and Sentencing Processes, 75 Harv.L.Rev. 904, 928 (1962). The Parole Board need not, though it may, give him another opportunity to be heard.

 Since relator was not entitled to a hearing, he was not entitled to counsel. Cf. Gaskins v. Kennedy, 350 F.2d 311 (C.A.4, 1965); Jones v. Rivers, 338 F.2d 862 (C.A.4, 1964); Washington v. Hagan, 287 F.2d 332 (C.A.3, 1960).

The petition for a writ of habeas corpus is denied.