James **HUGHEY**

v.

**Fred SPEAKER, Attorney General, Arthur T. Prasse, Commissioner, Bureau of Correction, Paul J. Gernert, Chairman, Pennsylvania Board of Parole.**

Civ. A. No. 70-2410.

United States District Court,
E. D. Pennsylvania.

Dec. 15, 1970.

James Hughey, in pro. per.

Shane Creamer, Atty. Gen., Harrisburg, Pa., for defendants.

## OPINION

HUYETT, District Judge.

Plaintiff, a federal prisoner, has filed a civil rights action seeking a permanent injunction against the lodging of a state detainer for parole violation

lodged against him when he was arrested by federal authorities for bank robbery in 1966.

While on parole in October, 1965, from a state sentence for armed robbery, plaintiff was declared delinquent by the state parole board because he allegedly absconded from supervision and could not be located. Subsequently, he was arrested and convicted by the federal district court for bank robbery and is presently confined at Lewisburg, Pennsylvania, under a federal sentence.

Plaintiff contends that the state officials had ten months to grant him a hearing on his alleged parole violation while he was in Philadelphia County Prison awaiting trial on the federal charges. By lodging the detainer, plaintiff alleges that he was denied bail on his federal offense and the delay in affording him a hearing on his alleged absconding from bail supervision prevented him from rebutting the allegations. Plaintiff also contends that he is not able to take full advantage of the rehabilitative facilities at the federal prison. Defendants have filed a motion to dismiss which the plaintiff has answered.

■■■ We conclude that plaintiff's complaint is without merit. Regardless of the original charge of absconding from state supervision, plaintiff violated his state parole when he was convicted of the federal crime of bank robbery. Under the circumstances, the state detainer warrant is validly lodged and the plaintiff, being a convicted parole violator, is not entitled to a hearing before the Parole Board before recommitment. United States ex rel. Heacock v. Myers, 251 F.Supp. 773 (E.D.Pa.1966) aff'd per curiam 367 F.2d 583 (3 Cir. 1966).

### ORDER

Now, this 15th day of December, 1970, it is ordered that defendant's motion to dismiss is granted and plaintiff's complaint is dismissed.