**Robert O. BAXTER, Petitioner, Appellant,**

v.

**Martin P. DAVIS, Chairman of the Massachusetts Parole Board, et al., Respondents, Appellees.**

**No. 71–1155.**

United States Court of Appeals, First Circuit.

Oct. 28, 1971.

John C. Cratsley, Cambridge, Mass., with whom John Bookston and Kevin O'Donnell, Cambridge, Mass., were on brief, for appellant.

Charles E. Chase, Asst. Atty. Gen., with whom Robert H. Quinn, Atty. Gen., and John J. Irwin, Jr., Asst. Atty. Gen., Chief, Crim. Div., were on brief, for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This petition for habeas corpus asks that we declare that a series of procedural safeguards is constitutionally required in a state's parole revocation process. The relevant facts, briefly stated, are as follows. Petitioner was paroled on October 20, 1967 from the Massachusetts Correctional Institution at Concord, where he had served nine months of an indeterminate sentence for

receiving a stolen motor vehicle, breaking and entering, and larceny. He was rearrested on January 1, 1970 and the following day was charged in the Brookline Municipal (district) Court with public drunkenness and assault and battery. Petitioner entered pleas of not guilty to both charges in the district court; a trial was held, and guilty verdicts were returned. He did not appeal the drunkenness conviction; and although he did appeal the assault and battery conviction for a *de novo* jury trial in the Norfolk County Superior Court, he changed his plea to guilty prior to trial.

While awaiting trial in the district court on the drunkenness and assault and battery charges, petitioner was again arrested and newly charged with unarmed robbery and assault and battery. After a determination of probable cause was made, he was bound over to the Norfolk County Grand Jury which returned two indictments. Petitioner pleaded not guilty to these new charges and the Norfolk County District Attorney's office *nol prossed* both indictments on April 12, 1971 after a motion to suppress evidence was resolved in petitioner's favor.

On February 4, 1970, petitioner's parole was revoked and he was returned to the Massachusetts Correctional Center on February 13, 1970. This action was taken before petitioner pleaded guilty in the Superior Court to the first assault and battery charge but after the district court proceedings had been completed and the second set of indictments had been returned.[1] Approximately thirty days after petitioner's return to the Massachusetts Correctional Institution,

he was given a hearing by the parole board, at which time the board decided not to reparole him.[2]

Petitioner claims that he was denied due process because he was not afforded a pre-revocation adversary hearing. He asks this court to declare his parole revocation null and void and to set out for future proceedings a general rule requiring that before a parole may be revoked parolees (1) must be given a hearing before an impartial official, (2) have the opportunity to be represented by counsel, (3) have a complete statement of the alleged parole violations, (4) have the chance to confront and cross-examine adverse witnesses, (5) to call favorable witnesses, (6) to testify on their own behalf, and (7) be given reasons for any decision to revoke which are supported by sufficient evidence adduced at the hearing. The issues sought to be raised by petitioner are large ones. But while we are sympathetic to the general claim that due process requires that paroles be revoked only after a procedure has been followed that is "fundamentally fair" to parolees, we decline the invitation to go further in this case.

■■ Petitioner was represented by retained counsel in the proceedings before the district court. At no time has he challenged the correctness of his conviction for public drunkenness before that court; nor has he alleged or offered any evidence to show that his subsequent plea of guilty to the charge of assault and battery before the Norfolk County Superior Court was entered involuntarily or without notice of probable consequences. Moreover, a *nolle prosequi* does not establish the innocence of

---

1. On two occasions before the parole board finally decided to revoke petitioner's parole, the parole officer assigned to petitioner's case filed status reports with the board recommending that it stay its hand until the district court proceedings had been completed. Upon completion of those proceedings, the parole officer recommended revocation.

2. Pursuant to the published rules of the parole board, petitioner was not allowed

the assistance of counsel at this hearing. He also did not have an opportunity to confront or cross-examine anyone who may have supplied information relied upon by the board in revoking his parole. Since the board eventually decided not to reparole him at that time, the hearing was recorded in the board's minutes only as a "revoke interview", with no indication given of the basis of the board's decision.

one charged with a crime. The parole board was therefore entitled to take into account the finding of probable cause and the return of the grand jury indictments charging petitioner with unarmed robbery and assault and battery in deciding whether to continue him on parole. *Cf.* United States ex rel. Sperling v. Fitzpatrick, 426 F.2d 1161 (2d Cir. 1970). Petitioner does not contend that if he is now afforded a full adversary hearing before the parole board he will be able to demonstrate the invalidity of these prior judicial proceedings.

In no case of which we are aware has the relief petitioner is seeking been granted on facts such as these.[3] The position of the Third Circuit, in fact, is that a summary revocation does not violate due process as long as it is based on either irrefutable evidence that a clear condition of parole has been violated, United States ex rel. Halprin v. Parker, 3 Cir., 418 F.2d 313, 315 (1969), or on a proven criminal violation, United States ex rel. Heacock v. Myers, 3 Cir., 367 F.2d 583 (1966), affirming on opinion below, 251 F.Supp. 773 (E.D.Pa.), cert. denied sub nom., Heacock v. Rundle, 386 U.S. 925, 87 S.Ct. 900, 17 L.Ed.2d 797 (1967). Since petitioner's parole viola-

tions have been clearly and unassailably proven and are not frivolous,[4] were we to give the relief given in United States ex rel. Bey v. Connecticut State Board of Parole, 443 F.2d 1079 (2d Cir. 1971), all we would do would be to order another revocation hearing before the board.[5] We are of the opinion that this gesture would be futile in this case since the evidence against him on this new hearing would be even more substantial than it was on the first, making an adverse decision even more clearly within the statutory powers of the board.

While we are aware that the case law is strongly against the general contentions urged upon us by petitioner,[6] we also recognize that the law in this area is in a state of flux.[7] What petitioner seeks, however, is not only that we accept the newer doctrine, but that we extend it to a case in which the factual basis for board action has been so indisputably established. This we are not presently willing to do. Like the Second Circuit in *Bey*, our concern here, rather, has been "to avoid the appearance of resolving [these] important issue[s] * * abstractly or academically." *Id.* at 1082.

Affirmed.

3. In all of the federal cases which we have been able to find in which relief similar to that which petitioner seeks has been granted, basic facts concerning the parole violation were disputed. In one of these cases, while each of two parolees had been convicted of a minor criminal offense while on parole, each disputed vigorously other alleged parole violations which were apparently those chiefly relied upon for revocation. Goolsby v. Gagnon, 322 F.Supp. 460 (E.D.Wis.1971) (two cases were consolidated; one petitioner had been convicted of disorderly conduct while on parole, the other had been convicted of operating a motor vehicle without an operator's license).

4. It appears from the record in this case that the incident leading to the drunkenness conviction and the guilty plea to assault and battery was not of the nature of a barroom brawl but a beating of a

woman sitting alone in a car in a parking lot and a subsequent assault on an attempted rescuer. The grand jury indictment concerned another physical assault on a woman and stealing her handbag.

5. Indeed, were we to adopt the approach employed in Murray v. Page, 429 F.2d 1359 (10th Cir. 1970), we would deny petitioner personal relief and would rule prospectively only.

6. *See, e. g.,* Baxter v. Commonweath, 1971 Mass.Adv.Sh. 487, 268 N.E.2d 670; and the cases cited therein.

7. *See, e. g.,* United States ex rel. Bey v. Connecticut State Board of Parole, *supra*; Murray v. Page, 429 F.2d 1359 (10th Cir. 1970); Carioscia v. Meisner, 331 F.Supp. 635 (N.D.Ill. 9/10/71); Goolsby v. Gagnon, 322 F.Supp. 460 (E.D.Wis.1971); Menechino v. Warden, 27 N.Y.2d 376, 318 N.Y.S.2d 449, 267 N.E.2d 238 (1971).