Williams *v.* Board of Probation and Parole.

Argued October 3, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*F. Emmet Fitzpatrick,* for plaintiff.

*Salvatore Cucinotta,* Deputy Attorney General, with him *Leonard Packel,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for defendants.

OPINION BY PRESIDENT JUDGE BOWMAN, December 13, 1971:

This mandamus action raises questions as to the statutory and constitutional authority of the Pennsylvania Board of Probation and Parole to recommit plaintiff, Edward E. Williams, as a convicted parole violator to serve that portion of his original court imposed maximum sentence remaining when he was first paroled. His classification as a convicted parole violator was not effected until after the expiration of his original maximum sentence as imposed by the court or otherwise extended by the Board. Williams seeks to have this Court declare such recommitment illegal and unconstitutional.

This is the second time this case has been before us. It was first before us on preliminary objections in the form of a demurrer. Also, the Court on its own motion raised the question of its jurisdiction over the subject matter of these proceedings and directed that the preliminary objections and the jurisdictional question be heard together.

In its prior opinion and order, the Court determined that it did have jurisdiction over the subject matter under Section 401 of the Appellate Court Jurisdiction Act of July 31, 1970, P. L.     (Act No. 223), 17 P.S. §211.101 et seq., and that, despite the omission of essential averments of fact upon which a determination as to the basic legal issues could be made, the preliminary objections should be overruled and the parties granted leave to file amended pleadings.

"Where a better statement of the facts could establish a cause of action and where the complaint is not inherently unsound but only incomplete, this Court is reluctant to sustain the preliminary objections or to grant judgment." *Williams v. Board of Probation and Parole,* 2 Pa. Commonwealth Ct. 312, 318 (1971).

The plaintiff timely filed an amended complaint to which the Board filed an answer and a motion for

judgment on the pleadings. The latter motion essentially embodied the substance of the preliminary objections filed earlier going to the failure of the plaintiff to state a claim upon which relief could be granted. The matter is again ripe for disposition although the amended complaint does not frame the issues with significantly more clarity than the original complaint.

The facts do not require lengthy recitation. Williams was sentenced to a four to ten year term for involuntary manslaughter on February 18, 1958. He was released on parole on February 18, 1962 after serving his minimum sentence. On June 26, 1967, he was classified as a technical parole violator under Section 331.21a (b) of the Act of August 6, 1941, P. L. 861, as amended, 61 P.S. §331.21a(b), for delinquency. He was arrested on new charges on November 3, 1968 and detained under the Board's outstanding warrant against him. By order of the Board, Williams was recommitted to serve the seven months and twenty-two days remaining on his original sentence when he was declared delinquent. His extended maximum sentence expired on June 25, 1969. The Board, however, temporarily suspended his recommitment as a technical parole violator on June 24, 1969 pending disposition of the open criminal charges against him. He was released from the custody of the Board but remained in the custody of other authorities because of his inability to post bail as to the November 1968 charges. He was subsequently tried and convicted on these charges on August 1, 1969. The Board by order of January 3, 1970 recommitted Williams as a convicted parole violator and required him to serve the six years remaining on his original maximum sentence at the time he was first paroled.[1]

---

[1] Williams' recomputed maximum sentence would now expire on September 18, 1975, calculated from the date he became avail-

The circumstances and history of Williams' recommitment as a convicted parole violator recall similar facts in terms of the Board's statutory authority to perform such recommitment in two cases recently decided by this Court. In the cases of *Commonwealth ex rel. Hall v. Board of Probation and Parole* and *Commonwealth ex rel. Blair v. Board of Probation and Parole*, 3 Pa. Commonwealth Ct. 435 (1971), the Court ruled in a combined opinion for both cases that the Board possesses the statutory authority to recommit as a convicted parole violator, for the full period spent on parole in good standing or as a delinquent, an individual who commits a crime while on parole for which he is not tried and convicted until after the expiration of his court imposed or Board extended maximum sentence. The parolee may be recommitted to serve the full "balance of his term."

"We interpret that balance to be not simply the period remaining on the original sentence at the time of arrest but the entire period served on parole less any credit for time actually spent in custody." 3 Pa. Commonwealth Ct. at 444.

We therefore must conclude that the Board acted within its *statutory* power in recommitting Williams as it did.

---

able for recommitment by the Board as a convicted parole violator and adjusted to provide for other credits against sentence. The report of the Board Chairman, Richard W. Lindsay, states: "A recomputation was made of Petitioner's sentence, and, since the Court did not give him credit from the date of his arrest, November 3, 1968, until the effective date of the new sentence, December 3, 1968, the Board gave him credit for this period of one month. In addition, he was credited with two days rightfully due him on a previous arrest by his Parole Agent. Therefore, the balance of sentence owing was five years, ten months, and twenty-eight days. Adding this to his availability date of October 20, 1969, the date sentence was imposed, the new maximum was extended to expire September 18, 1975."

The Williams' complaint raises an additional issue not specifically raised by either Blair or Hall in their mandamus actions or discussed by the Court in its opinion. Williams contends that even though the Board has the *statutory* power under the Parole Act to recommit a convicted parole violator for the balance of his term where conviction occurs after the expiration of the original or extended sentence, the Board nevertheless lacks the *constitutional* power to so recommit. Plaintiff argues that such recommitment constitutes double jeopardy thereby violating the United States Constitution.

We of course agree with the general proposition that the double jeopardy provisions of the United States Constitution are applicable to the states via the Fourteenth Amendment and that the states may not inflict a second punishment for a single crime.

Counsel for the Board admits in his brief and in his motion for judgment on the pleadings that the double jeopardy question in these circumstances has never been answered directly by the courts of Pennsylvania or the federal courts. However, the Court's attention is drawn to the case of *United States ex rel. Heacock v. Myers,* 251 F. Supp. 773 (E.D. Pa. 1966). The parolee in *Heacock* committed a crime while in good standing on parole but was not recommitted until after his original maximum sentence had expired. He was not designated a technical parole violator at any time and was, at least in the eyes of the Board, in "good standing" throughout his full parole period. Heacock was in fact serving his sentence for the new crime during the parole period as to the original sentence. After the expiration of the original sentence for which parole was granted and the new sentence for the crime committed while on parole, the Board directed that Heacock be returned to prison to serve out that period of his original sentence served on parole in

"good standing." Among other allegations in his petition for habeas corpus not here relevant, Heacock contended that the Pennsylvania Parole Act which authorized such practice by the Board violated the equal protection, due process, double jeopardy and bill of attainder clauses of the Federal Constitution.

Citing Section 331.21a of the Parole Act, Judge LORD of the Federal District Court for the Eastern District of Pennsylvania succinctly disposed of any constitutional impediments to its validity.

"A parolee who commits a crime may be required to serve the balance of his term, regardless of the fact that it would otherwise have expired. Commonwealth ex rel. Wright v. Maroney, 201 Pa. Super. 118, 191 A. 2d 866 (1963). 'Street time,' or the period spent on parole before the criminal violation, is not credited to the sentence to be served upon recommitment. Commonwealth ex rel. O'Leary v. Ashe, 152 Pa. Super. 322, 32 A. 2d 36 (1943).

"Certainly a state is not precluded by the Federal Constitution from giving paroled convicts an added inducement to 'go straight' by retaining the ability to recommit them for crimes they commit while on parole. See Zerbst v. Kidwell, 304 U.S. 359, 363, 58 S. Ct. 872, 82 L. Ed. 1399 (1938). No constitutional question is involved in the Parole Board's failure to give relator credit for time on parole and its adjustment of the expiration date of his new maximum. Miller v. Gladden, 228 F. Supp. 802 (D. Or. 1964), aff'd, 341 F. 2d 972 (C.A. 9, 1965); Woods v. Steiner, 207 F. Supp. 945 (D. Md. 1962). See also United States ex rel. Kloiber v. Myers, 237 F. Supp. 682 (E.D. Pa. 1965); United States ex rel. Horne v. Pennsylvania Bd. of Parole, 234 F. Supp. 368 (E.D. Pa. 1964)." 251 F. Supp. at 774.[2]

---

[2] Judge LORD's opinion was affirmed by per curiam order of the United States Court of Appeals, Third Circuit, 367 F. 2d 583

The *Heacock* opinion does not separately and specifically reject the double jeopardy argument but its general rejection of constitutional obstacles to the Board's exercise of its Parole Act powers supports our own thinking as expressed in the *Blair-Hall* opinion and as herein expressed. The only significant difference between Williams' situation and that in *Heacock* is that Williams was a declared technical parole violator for delinquency during his parole period whereas Heacock was apparently in "good standing" within the Board's contemplation during his parole period. We do not consider this difference as requiring different applications or interpretations of the law. We agree with the statement in the Board's brief that "[t]here is absolutely no reason why delinquent parolees who are in a delinquent status should be afforded greater rights than those who are in good standing."

The recommitment of a convicted parole violator to serve that portion of his court imposed or Board extended original sentence which was spent outside of prison walls in "good standing" does not involve a second punishment. Williams served four years in prison on his original sentence before being paroled. Upon being paroled, he was within the custodial authority of the Board and was being credited with such "street time" against sentence conditioned upon his nonviolation of the terms of his parole. By becoming delinquent and subsequently by committing a new crime, he violated the terms of his conditional release and became subject to recommitment and to forfeiture of time spent out of institutional custody. The custodial authority of the Board over Williams was not coextensive and identical with actual custody behind prison walls in terms of credit against sentence. The possibility of reincarcera-

---

(1966). The United States Supreme Court denied certiorari, 386 U.S. 925 (1966).

tion always existed during Williams' parole period and upon commission of a new crime in violation of parole conditions, he became subject to such reincarceration. No new sentence has been imposed but rather a reimposition of an existing sentence temporarily lifted by parole as an incentive to abide by the law has occurred. Such reimposition and reincarceration comport with constitutional protections against infringement of personal liberty and civil rights.

We therefore make the following

ORDER

The Board's motion for judgment on the pleadings is hereby granted and the plaintiff's complaint in mandamus dismissed.