## Commonwealth ex rel. Rambeau *v.* Board of Probation and Parole, et al.

Argued October 4, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-

son, Jr., Manderino, Mencer and Rogers. Judge Man-
derino did not participate in the decision.

John H. Lewis, Jr., with him Morgan, Lewis &
Bockius, for plaintiff.

Salvatore Cucinotta, Assistant Attorney General,
with him Leonard Packel, Deputy Attorney General,
and J. Shane Creamer, Attorney General, for defend-
ants.

Opinion by Judge Crumlish, Jr., January 13, 1972:
This action in mandamus questions the constitu-
tional authority of the Pennsylvania Board of Proba-
tion and Parole to recommit the petitioner as a con-
victed parole violator to serve that portion of his origi-
nal court imposed maximum sentence remaining when
he was first paroled. Petitioner also questions the
procedure used by the Board in revoking his parole.

On May 29, 1961 petitioner was sentenced to five to
ten years as a result of convictions on various charges.
The sentence was effective March 8, 1961 making peti-
tioner's minimum and maximum expiration dates
March 8, 1966 and March 8, 1971. He was paroled on
March 8, 1966 but subsequently arrested on March 1,
1967 on another charge. Petitioner was convicted on
June 5, 1967 and sentenced to one to two years on
that charge. As a result of this conviction a hearing
was held before the Board and the petitioner was re-

committed as a convicted parole violator on July 12, 1967 and the maximum expiration date extended to June 5, 1972. He was given no credit for the time spent on parole under the supervision of the Board.

The petitioner contends that the refusal of the Board to credit him for the time spent on parole is unconstitutional; that the hearing provided him was defective in that he was not afforded the assistance of counsel; and that the action of the Board was statutorily improper because the hearing was attended by only one member of the Board.

The constitutionality of exactly this recommitment situation has been recently upheld by this Court in *Williams v. Board of Probation and Parole*, 3 Pa. Commonwealth Ct. 633 (1971). The facts in that case are not effectively distinguishable from this factual setting and, on the basis of the reasoning in President Judge Bowman's opinion, we hold that the Board is not constitutionally required to "credit" petitioner for the time spent by him at liberty on parole. As was stated by Judge Joseph Lord, III, of the Federal District Court for the Eastern District of Pennsylvania, in *United States ex rel. Heacock v. Myers*, 251 F. Supp. 773, 774 (E.D. Pa. 1966) : "Certainly a state is not precluded by the Federal Constitution from giving paroled convicts an added inducement to 'go straight' by retaining the ability to recommit them for crimes they commit while on parole. See Zerbst v. Kidwell, 304 U.S. 359, 363, 58 S. Ct. 872, 82 L. Ed. 1399 (1938). No constitutional question is involved in the Parole Board's failure to give relator credit for time on parole and its adjustment of the expiration date of his new maximum. Miller v. Gladden, 228 F. Supp. 802 (D. Or. 1964), aff'd, 341 F. 2d 942 (C.A. 9, 1965) ; Woods v. Steiner, 207 F. Supp. 945 (D. Md. 1962). See also United States ex rel. Klorber v. Myers, 237 F.

Supp. 682 (E.D. Pa. 1965) ; United States ex rel. Horne v. Pennsylvania Bd. of Parole, 234 F. Supp. 368 (E.D. Pa. 1964)."

We further hold that representation by counsel at the revocation hearing is not constitutionally required. In *Escoe v. Zerbst,* 295 U.S. 490 (1935) the United States Supreme Court held that a parolee has no constitutional right to a hearing prior to the revocation of his parole, and, further, that the only rights that do exist are those statutorily prescribed. *See also Young v. Parker,* 256 F. Supp. 1002 (1966) ; *Commonwealth ex rel. Thomas v. Myers,* 419 Pa. 577, 215 A. 2d 617 (1966). The Act of August 6, 1941, P. L. 861, §21.1, 61 P.S. §331.21a(a), which statutorily provides the procedure for recommittal, does not require either a hearing or representation by counsel. In *U. S. ex rel. Heacock v. Myers,* 251 F. Supp. 773 (D. Pa. 1966), affirmed, 367 F. 2d 583, *cert. denied,* 386 U.S. 925, it was held that where a convicted parole violator was not entitled to a hearing before recommitment, he was not entitled to counsel.

Hearing before the Board is required for recommitment of *technical*[1] parole violators in order to insure fundamental fairness before a person is recommitted for something other than the commission of an additional crime. Act of August 6, 1941, P. L. 861, §21.1, 61 P.S. §331.21a(b). But when a person is to be recommitted after conviction, he will already have had the opportunity to be heard and to present his case at

---

[1] A technical parole violator is defined in §21.1 of the Act of August 6, 1941, P. L. 861, 61 P.S. §331.21(a)(b) as "any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution in the Commonwealth who, during the period of parole, violates the terms and conditions of his parole, other than by the commission of a new crime of which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere in a court of record, . . . ."

his trial. In *Com. ex rel. Thomas v. Myers, supra,* at 582, the Court, in considering the question of representation by counsel of a convicted parole violator during recommitment, stated: "In our view, there is neither a constitutional nor statutory right in an indigent paroled prisoner to have counsel appointed to represent him at a hearing bearing on the revocation of his parole." *See also Hyser v. Reed,* 318 F. 2d 225 (1963).

Petitioner's reliance on *Mempa v. Rhay,* 389 U.S. 128 (1967) in asserting a right to counsel is misplaced. That case involved the revocation of probation and not the revocation of parole. Revocation of probation involves the withdrawal of one sentence and the imposition of another. A hearing to determine if probation has been violated is a "critical stage" necessitating the assistance of counsel. On the other hand, revocation of parole is not the imposition of a new sentence but a reinstatement of the old. *See Commonwealth v. Perry,* 116 Pitt. L.J. 350 (1960). In this situation, the question of whether parole has been violated has already been determined at trial.

Petitioner's contention that the Board lacked jurisdiction to revoke parole here because only one member of the Board attended the hearing is also without merit. The action of revoking parole was taken by the Board of Probation and Parole and not by that one member who heard the testimony. Act of August 6, 1941, P. L. 861, §22, 61 P.S. §331.22 provides: ". . . In granting and revoking paroles . . . the members of the board acting thereon shall not be required to personally hear or see all the witnesses and evidence submitted to them for their action, but they may act on report submitted to them by their agents and employees, *together with any pertinent and adequate information furnished to them by fellow members of the board or by others. . . ."* (Emphasis added)

Since the Constitution does not require a due process hearing before recommittal of a convicted parole violator, it was not necessary that all Board members attend the hearing, only that any action taken be taken by at least a majority of the members as the Act provides. We have grave doubts, however, as to whether such procedure would be sufficient in the case of a technical parole violator in that recommittal could occur without adequate evaluation of the parolee's position.

The statutory mandate was complied with in the instant situation, and, therefore, we issue the following:

### ORDER

AND Now, this 13th day of January, 1972, it is hereby ruled that defendant's Motion for Judgment on the Pleadings is granted and the Complaint in Mandamus of the plaintiff is hereby dismissed.