Henderson *v*. Board of Probation and Parole.

Argued October 18, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER and ROGERS.

*Richard C. Seamans,* Voluntary Defender, for petitioner.

*Salvatore J. Cucinotta,* Deputy Attorney General, with him *Leonard Packel,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for respondent.

PER CURIAM OPINION, March 16, 1972:

Plaintiff, Ulysses Henderson, was sentenced on criminal charges in Allegheny County to a term of four to ten years beginning in 1950. He was granted parole after serving his minimum sentence in 1954. In 1956, Henderson was arrested on new criminal charges, sentenced to serve a term of one and one-half to ten years, and was entered to serve this new sentence before completing the unexpired portion of his first sentence.

Parole was granted as to the second sentence after he had served the minimum and Henderson was immediately recommitted to serve the balance of nearly six years remaining on his first sentence as a convicted parole violator.

In 1961, Henderson was reparoled as to the first sentence and continued in good standing until August

1965 when he was again arrested on new criminal charges. This arrest resulted in conviction and a third sentence for a term of five to ten years. The Board of Probation and Parole reclassified Henderson as a convicted parole violator as to the second sentence. In 1969 he was reparoled and reentered to begin serving the third sentence.

In June 1971, Henderson instituted the subject action in mandamus to compel the defendant-Board to recompute his remaining sentence or sentences to credit him with the time spent on parole in good standing against such sentence or sentences. The Board filed an answer denying plaintiff's legal conclusions to which plaintiff filed a reply asserting a minor factual matter not germane to the disposition of the central legal issues in this case. Subsequently, defendant filed a motion for judgment on the pleadings alleging that plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff premises his request for relief on three arguments, two of which may be disposed of without lengthy discussion because this Court has ruled in several recent decisions that these arguments are without merit.

First, plaintiff argues that the denial of credit against sentence for that period spent on parole in good standing prior to arrest and conviction on new charges constitutes a denial of equal protection and due process as well as a violation of the double jeopardy clause under the United States Constitution. He contends that because technical parole violators are given credit against sentence for time spent on parole in good standing, that under considerations of equal protection, convicted parole violators must be afforded the same credit. In essence, plaintiff argues that the Parole Act of August 6, 1941, P. L. 861, as amended, 61 P.S. §331.21a,

has countenanced a constitutionally impermissible class-
ification between technical and convicted parole viola-
tors by specifically requiring that the former be cred-
ited "for the time served on parole in good standing"
and that the latter upon conviction be "given no credit
for time at liberty on parole" against sentence.

The general constitutional validity of the sections
of the Parole Act has been sustained by this Court in
*Commonwealth ex rel. Hall v. Board of Probation and
Parole, Commonwealth ex rel. Blair v. Board of Proba-
tion and Parole,* 3 Pa. Commonwealth Ct. 435 (1971),
where we adopted and followed the reasoning of the
Supreme Court in *Commonwealth ex rel. Thomas v.
Myers,* 419 Pa. 577, 215 A. 2d 617 (1966). We here
explicitly reject the equal protection argument submit-
ted by the plaintiff on the ground that we believe it is
constitutionally proper and reasonable for the legisla-
ture to have distinguished technical from more sub-
stantial parole infractions and to have provided for
more severe consequences to flow from the conviction
of additional crimes committed while on parole than
from lesser violations. As we said in *Williams v. Board
of Probation and Parole,* 3 Pa. Commonwealth Ct. 633,
638 (1971), " 'Certainly a state is not precluded by the
Federal Constitution from giving paroled convicts an
added inducement to "go straight" by retaining the
ability to recommit them for crimes they commit while
on parole.' "

Extending this logic, we conclude that the different
treatment of "street time" credit by the Board as to
technical and convicted parole violators involves a rea-
sonable classification comporting with constitutional
requirements. The purpose of such classification is
clearly to deter parolees from committing additional
crimes while on parole while recognizing their propens-
ity to fall into minor infractions of parole conditions.

Surely these lesser violations of parole should not go unpunished but neither should the blatant violation of parole conditions by the commission and conviction of a new crime be treated identically with such minor infractions. The legislature has acted reasonably in drawing such distinctions and we will not tamper with them.

The due process and double jeopardy arguments have similarly been discussed and rejected in *Williams v. Board of Probation and Parole, supra,* and in *Banks v. Board of Probation and Parole,* 4 Pa. Commonwealth Ct. 197 (1972), so that we need not discuss them further. *See, Commonwealth ex rel. Mackey R. Choice v. Brierley, et al.* (filed even date) (docketed at 97 C.D. 1971). *See also, United States ex rel. Horne v. Pennsylvania Board of Probation and Parole,* 234 F. Supp. 368 (1964).

Second, plaintiff argues that he was denied his due process rights by the failure of defendant to afford him a full hearing with counsel present prior to his recommitment. This argument has been rejected in *Commonwealth ex rel. Rambeau v. Board of Probation and Parole, et al.,* 4 Pa. Commonwealth Ct. 152 (1972). No hearing is required because no "critical stage" in the sentencing process is involved in the recommitment of a convicted parole violator but merely the automatic reimposition of a previously determined sentence.

Third, plaintiff raises an issue that has not been previously decided by this Court concerning the legal propriety of the sequence in which he has been required to serve his sentences. The Parole Act in Section 331.21a (a) states in part:

"If a new sentence is imposed upon such parolee, the service of the balance of said term originally imposed shall precede the commencement of the new term imposed in the following cases:

"(1) If a person is paroled from any State penal or correctional institution under the control and super-

vision of the Department of Justice and the new sentence imposed upon him is to be served in any such State penal or correctional institution.

"(2)  If a person is paroled from a county penal or correctional institution and the new sentence imposed upon him is to be served in the same penal or correctional institution.

"In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed."

The statutory languages directs that the first sentence should be completed before service on the second begins where the convict is sentenced to the same institution under both sentences.  Plaintiff here began serving his second sentence (that is, the sentence received for the commission of a crime while on parole from his original sentence) before being required to serve the unexpired. portion of his original sentence remaining when he was first paroled.  Similarly, he began serving his third sentence before being required to complete his second sentence.

Plaintiff notes that the above quoted language was added by the Act of June 28, 1957, P. L. 429.  Previously, the following language controlled under the Act of August 24, 1951, P. L. 1401: "If a new sentence is imposed upon him to be served in the same institution from which paroled, then the service of the balance of said term originally imposed shall precede the commencement of the new term imposed for the latter crime.  If a new sentence is imposed upon him to be served in any institution other than the one from which paroled, then the service of the new term for the latter crime shall precede the commencement of the balance of the term originally imposed."

Originally, in 1950, Henderson was entered at the State Correctional Institution at Rockview.  His second sentence in 1956 placed him in the State Correctional

Institution at Pittsburgh. The location of the correctional facility to which plaintiff was assigned incident to his third sentence is not revealed in the record.

Plaintiff contends that after the adoption of the 1957 amendment he should have been transferred back to Rockview to continue serving his first sentence rather than remaining at the Pittsburgh Institution to complete the second sentence. Defendant concedes that a legal error occurred but asserts that ". . . the pleadings clearly document that the actions of the Board of Probation and Parole did not impose any greater number of days of imprisonment than could have been imposed if the sentences had been served in the reverse order. The only difference which resulted was the citation of the sentence which Plaintiff was serving."

We agree that the error is insubstantial and adopt the language of Judge WOODSIDE in *Commonwealth ex rel. Salerno, Appellant v. Banmiller*, 189 Pa. Superior Ct. 156, 162, 149 A. 2d 501, 504-5 (1959) : "It has been the intent of the legislature, consistently expressed since 1911 and uniformly recognized by the courts, that a parolee, when sentenced for a crime committed while on parole, shall be required to serve the balance of time remaining on his first sentence (subject, however, since 1941 to reparole by the board). This legislative intent, so basic and vital to our parole system, cannot be defeated even by the intent of a sentencing judge. Com. ex rel. Harmon v. Burke, supra, 171 Pa. Superior Ct. 547, 554, 91 A. 2d 385 (1952). *Certainly an error of the Board of Parole and the prison authorities in determining which term the legislature intended the prisoner to serve first will not defeat the intent of the legislature that the prisoner should serve back time.*" (Emphasis ours.)

We therefore grant the defendant's motion for judgment on the pleadings and dismiss plaintiff's complaint in mandamus.