## Commonwealth ex rel. Noble *v.* Board of Probation and Parole, et al.

Argued October 18, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER and ROGERS.

*Thomas J. Dempsey,* Voluntary Defender, for petitioner.

*Salvatore Cucinotta,* Deputy Attorney General, with him *Leonard Packel,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for respondents.

PER CURIAM OPINION, March 16, 1972:

Petitioner, Leroy Noble, seeks by action in mandamus to challenge the constitutional and statutory rights

of the Pennsylvania Board of Probation and Parole to recommit him as a convicted parole violator for the full unexpired maximum term of his original or Board extended sentence upon conviction of a new crime committed while on parole.

Basically, petitioner challenges the Board's recommitment action on two grounds. First, he alleges that such recommitment involves a denial of due process of law and of equal protection of the laws under the United States and the Pennsylvania Constitutions. We have specifically decided this issue to the contrary in the recent decision in *Williams v. Board of Probation and Parole,* 3 Pa. Commonwealth Ct. 633, 640 (1971), where we said: "No new sentence has been imposed but rather a reimposition of an existing sentence temporarily lifted by parole as an incentive to abide by the law has occurred. Such reimposition and reincarceration comport with constitutional protections against infringement of personal liberty and civil rights."

Second, he alleges that he was entitled to representation by counsel at the recommitment hearing under the doctrine expressed in *Commonwealth v. Tinson,* 433 Pa. 328, 249 A. 2d 549 (1969). We again specifically rejected such a contention in *Commonwealth ex rel. Rambeau v. Board of Probation and Parole,* 4 Pa. Commonwealth Ct. 152 (1972), where we declared that, where the applicable statute does not require a hearing upon recommitment, there is no right to counsel.

Petitioner makes the additional argument that the motion for judgment on the pleadings filed by the respondent, Board of Probation and Parole, should not be granted in these circumstances because of the serious constitutional issues raised. Having previously disposed of these constitutional issues in the above cited opinions, we need not discuss the general merit of such argument.

We therefore grant the respondents' motion for judgment on the pleadings and dismiss the petitioner's complaint in mandamus.