# Commonwealth ex rel. Choice *v.* Board of Probation and Parole, et al.

Argued October 18, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER and ROGERS.

*Thomas J. Dempsey*, Voluntary Defender, for petitioner. On the brief, *John A. Miller* and *Buchanan, Ingersoll, Rodewald, Kyle & Buerger.*

*Salvatore Cucinotta*, Deputy Attorney General, with him *Leonard Packel*, Deputy Attorney General, and *J. Shane Creamer*, Attorney General, for respondents.

PER CURIAM OPINION, March 16, 1972:

Petitioner, Mackey Raymond Choice, filed a "Petition for Writ of Habeas Corpus" requesting that the Pennsylvania Board of Probation and Parole credit him with time spent on parole against that portion of his original sentence remaining unserved upon his recommitment as a convicted parole violator and asserting that he was denied his fundamental right to due process of law by the Board's failure to conduct a fair and impartial hearing incident to such recommitment. The respondent Board filed a motion for judgment on

the pleadings alleging that the Board's actions in recommitting petitioner were within its constitutional and statutory powers and therefore that it is entitled to judgment as a matter of law.

We grant respondent's motion for summary judgment and deny petitioner's requested relief because we have disposed of both of petitioner's legal contentions by previous opinions of this Court. The Board's power to recommit in these circumstances has been clearly affirmed in *Commonwealth ex rel. Hall v. Board of Probation and Parole, Commonwealth ex rel. Blair v. Board of Probation and Parole,* 3 Pa. Commonwealth Ct. 435 (1971), and in *Williams v. Board of Probation and Parole,* 3 Pa. Commonwealth Ct. 633 (1971). The right to hearing upon recommitment as a convicted parole violator has been specifically denied as constitutionally and statutorily not required in *Commonwealth ex rel. Rambeau v. Board of Probation and Parole, et al.,* 4 Pa. Commonwealth Ct. 152 (1972). *See also, Commonwealth ex rel. Leroy Noble v. Brierley, et al.* (filed of even date) (docketed at 113 C.D. 1971).